RAYMOND, Respondent, vs. THE CITY OF SHEBOYGAN, imp., Appellant.

*March 1 — March 18, 1890.*

*Municipal corporations: Injury from defective street: Negligence of third persons: Primary liability: Amendment of charter by general law: Laches in bringing suit.*

1. The charter of Sheboygan (Laws of 1874, ch. 236, sec. 24) provides that where a person has been injured by reason of a defect in a street caused by the negligence of another person, the city shall not be liable until all legal remedies against such other person have been exhausted. A subsequent general act (ch. 471, Laws of 1889) provides that whenever any such injury "*has happened* or shall happen " the negligent person shall be primarily liable, but the city may be sued in the same action, execution against the city to be stayed, however, until an execution against the party primarily liable has been returned unsatisfied. *Held:*

(1) The act of 1889, though it does not in terms amend the city charter, applies to injuries happening therein.

(2) It is retroactive and applies to an injury for which suit was

pending when it was enacted; but since it affects merely the remedy it is not invalid on that ground.

2. Under the act of 1889 the city is not merely a guarantor of the collectibility of the damages from the wrong-doer, and is not relieved from liability by a delay of two years in bringing an action against him. *McFarlane v. Milwaukee*, 51 Wis. 695, distinguished.

APPEAL from the Circuit Court for *Calumet* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

This action was originally commenced June 28, 1887, against the defendants Dorothea and Joseph Keseberg for personal injury sustained by the plaintiff while traveling upon one of the streets in the defendant city in the evening of May 18, 1885, by reason of an alleged defect therein caused by the said Kesebergs. The complaint contained the usual allegations in such cases. April 16, 1888, the venue was changed to Calumet county. August 31, 1888, the time for transmitting the records to Calumet county was extended by a court commissioner. September 25, 1888, the defendants Keseberg moved to vacate said order, and the same was denied, and the time for transmitting the record was thereupon extended to October 24, 1888.

July 29, 1889, the plaintiff amended the summons and complaint by making the city a defendant, and by alleging the ordinary facts essential to make the city liable. To that amended complaint the city separately demurred on the grounds that several causes of action were improperly united, and that the complaint did not state facts sufficient to constitute a cause of action against the defendant city. Upon the hearing of the demurrer, the same was overruled, with the usual leave to answer on terms. From that order the defendant city appeals.

For the appellant there was a brief by *Carl Runge*, attorney, and *A. C. Prescott*, of counsel, and oral argument by *Mr. Prescott*. They contended, *inter alia*, that the de-

murrer should have been sustained because of the plaintiff's laches in exhausting his legal remedies against the Kesebergs. In this state it has been decided that an unexplained delay of two years, or even less, in prosecuting the party primarily liable, will discharge the guarantor. *Day v. Elmore*, 4 Wis. 190; *Dyer v. Gibson*, 16 id. 557; *French v. Marsh*, 29 id. 649; *McFarlane v. Milwaukee*, 51 id. 691. And in many other states a much more stringent rule prevails. *Durand v. Bowen*, 73 Iowa, 573; *Craig v. Parkis*, 40 N. Y. 181; *Penniman v. Hudson*, 14 Barb. 579; *Prentiss v. Danielson*, 5 Conn. 175; Brandt on Sur. & Guar. sec. 85. Ch. 471, Laws of 1889, does not apply to this case. It does not expressly, or even by implication, amend or repeal the charter of the city of Sheboygan. A general law will not be construed to amend or repeal a charter provision unless the intention to that effect is clearly expressed. R. S. secs. 4986, 4987. The act of 1889 does not pretend to apply to pending actions, or to actions that have already been adjudicated upon, and the law could have had no such effect had the legislature so intended. The rights of the plaintiff and appellant had been judicially determined (*Raymond v. Sheboygan*, 70 Wis. 318) two or three years before the enactment of this statute, and could not be changed by subsequent legislation. *Berry v. Doty*, 5 Wis. 605; *Vanderpool v. L. C. & M. R. Co.* 44 id. 652.

For the respondent the cause was submitted on a brief signed by *Charles W. Felker*, of counsel. To the point that a general law will override or modify the provisions of a city charter, notwithstanding a provision therein that no general law shall have that effect unless expressed in terms, he cited *Brightman v. Kirner*, 22 Wis. 54; *Platteville v. McKernan*, 54 id. 487, 490.

CASSODAY, J. The charter of the defendant city, at the time this action was originally commenced, provided in

effect that whenever any person was injured by reason of any defect in the street for which the city would be liable, and such defect was caused by the negligence of another person, the city should not be liable therefor until all legal remedies had been exhausted against the person through whose negligence the defect was caused. Sec. 24, ch. 236, Laws of 1874; *Raymond v. Sheboygan*, 70 Wis. 318. Accordingly, it was held in that case that the plaintiff could not proceed against the city until all his legal remedies had been exhausted against the lot-owner causing such defect, even though the city was also negligent for not removing the obstruction.

Ch. 471, Laws of 1889, provides in effect that " whenever any injury *has happened* or shall happen to any person or property in any city . . . by reason of any defect in any . . . street, . . . and such defect . . . shall be caused by, arise from, or be produced by the wrong, default, or negligence of any person, . . . such person . . . so guilty of such wrong, default, or negligence shall be primarily liable for all damages arising from such injury; but such city . . . may be sued in the same action with the one so primarily liable, and be complained against as if primarily liable." But, if it is made to appear upon the trial of such action, by the verdict or finding, that such city is liable, but not primarily liable, then the court shall enter judgment against all the defendants found liable for the amount; " but the court shall stay execution against such city . . . until execution against those found to be primarily liable shall have been returned unsatisfied in whole or in part," and then the party injured may proceed against the city for any unpaid balance. The act also provides, in effect, that if any action be brought against any person without making such city a party, "the plaintiff may amend in like manner, by making such city . . . a party."

It is strenuously claimed that this chapter does not apply

Raymond vs. The City of Sheboygan.

to the case at bar, for the reason that it does not amend or repeal the provision of the city charter above referred to, and because it does not apply to pending actions. It manifestly was intended to apply to any injuries which had happened prior to the passage of the act, and as to which the rights of the parties had not been determined. The words, "whenever any injury *has happened* or shall happen," manifestly apply to such prior as well as subsequent injuries. The mere fact that an action for such injuries was pending at the time of the passage of the act, in no way prevented its application to the same. The act must be regarded as retroactive in its effect. As it merely relates to the remedy, its validity cannot be doubted upon that ground. The mere fact that the act does not, in terms, amend the charter of the defendant city, does not prevent its application to the same. It is to be remembered that such right of action against any town, city, or village was given by general statute. Sec. 1339, R. S. The charter of this and other cities extended the right against persons who may have caused the defect, and required that the remedy should be exhausted as against them before proceeding against the city. Such charter provisions were open to the objections of multiplying suits and expenses, and furnished an opportunity for defeating meritorious claims for injuries sustained by reason of unavoidable delays, or delays purposely obtained to secure such defeat. Manifestly, to obviate such objections the act in question was passed. There is nothing militating against this theory in the rules for construing the Revised Statutes, as prescribed by secs. 4986, 4987, cited by counsel.[1] We must hold that the act cited is applicable to the case at bar.

[1] Secs. 4986, 4987, R. S., provide that the provisions of city and village charters shall prevail over those of the Revised Statutes, in case of a variance; and that the latter shall not be construed so as to affect or repeal special acts relating to particular municipalities, unless such special acts are enumerated in the acts thereby repealed.— REP.

The most serious question presented is whether the plaintiff has not lost his remedy against the city by reason of his laches. In *McFarlane v. Milwaukee*, 51 Wis. 695, it was held, under a charter provision substantially like sec. 24 of the charter of the defendant city, above cited, that the same "made the city liable only as a guarantor of the collectibility of the damages from the wrong-doer," and that the fact that the city might ultimately be held liable by reason of its own negligence was immaterial, and that "the same rule which applies to the guarantor of the collectibility of a debt should apply to the city." In that case the action was not commenced until more than five years after the injury, and the complaint was held bad as against the city on demurrer. See *Papworth v. Milwaukee*, 64 Wis. 397, 398; *Raymond v. Sheboygan*, 70 Wis. 321. The case at bar was commenced within two years after the injury, and, we think, is clearly distinguishable from the cases just cited.

But there is another reason why this demurrer should not be sustained. Ch. 471, Laws of 1889, has changed the remedy so that, in proceeding against the city, it can no longer be regarded as a mere guarantor of the collectibility of any damages that may be recovered against the principal wrong-doer. By that act the injured party is no longer obliged to exhaust his remedy against the principal wrong-doer before proceeding against the city; but he may proceed against such wrong-doer and the city together, and recover judgment against both at the same time. The only difference remaining between such wrong-doer and the city is that execution on such judgment against the city must be stayed until an execution against such wrong-doer has been returned unsatisfied in whole or in part.

*By the Court.*— The order of the circuit court is affirmed.