Schaefer vs. City of Fond du Lac.

SCHAEFER, Respondent, vs. CITY OF FOND DU LAC, imp., Appellant.

*September 5 — September 26, 1899.*

(1, 2) *Municipal corporations: Injuries from defective streets: Action against person primarily liable: Limitations: Laches.* (3) *Appeal: Record.*

1. The charter of the, city of Fond du Lac provided (sec. 4, subch. 18, ch. 152, Laws of 1883) that the city should not be liable for injuries resulting from defects in the streets caused by the neglect of any person or corporation until all legal remedies should be exhausted against the party primarily liable; also (sec. 4, ch. 435, Laws of 1889) that no action for such injuries should lie against the city unless commenced within one year after the injury. Ch. 471, Laws of. 1889 (sec. 1340*a*, Stats. 1898), provided that in such cases the city and party primarily liable might be sued in the same action, and that in an action against one the other might be made a party by amendment of the complaint. *Held*, that it was not essential to a liability of the city that the action against the person primarily liable should be commenced within one year.

2. Plaintiff in such a case proceeded with diligence against the party supposed to be primarily liable and obtained judgment. Afterwards, within one year after the injury, he sued the city, which alleged that another person was primarily liable; and on appeal from a judgment against the city it was so decided. Thereupon, it being then about three years after the injury, the plaintiff made such person a party. *Held*, that he was not guilty of such laches in proceeding against the party primarily liable as would defeat a recovery against the city. *McFarlane v. Milwaukee*, 51 Wis. 691, distinguished and its applicability, since the enactment of ch. 471, Laws of 1889, doubted.

3. Counsel have no right on appeal to found any argument upon, or bring into the case, a fact not disclosed by the record.

APPEAL from an order of the circuit court for Fond du Lac county: N. S. GILSON, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *O. H. Ecke,* city attorney, and *Maurice McKenna* and *Edward W. Phelps,* of counsel, and oral argument by *Mr. Ecke* and *Mr. Phelps.*

*Edward S. Bragg,* of counsel, for the respondent.

BARDEEN, J. On June 25, 1895, the plaintiff met with an accident while traveling on one of the streets of the defendant city, alleged to have been caused by the want of repairs therein. Due notice thereof was given the city on July 9, 1895. Thereafter, on July 19th of the same year, the plaintiff commenced an action against the Fond du Lac Light, Power & Railway Company, in which it was claimed that the company was primarily liable for the defect in the street. In November following, the plaintiff secured a judgment against the company for $2,063.21 damages and costs. An execution was issued, and returned wholly unsatisfied. On January 20, 1896, and within one year from the happening of the accident, the plaintiff commenced this action against the city, setting up the recovery against the company, and claiming the right to recover the amount thereof against the city. The city answered that one Elihu Colman, and not the company, was primarily liable for the defect in the street, and denying any liability therefor. The case came to trial, and resulted in a judgment for plaintiff. An appeal was taken to this court, and upon due consideration it was determined that the evidence showed that Colman, as well as the company, was primarily liable to plaintiff, and that under the city charter the exhaustion of all legal remedies against both was a condition precedent to the right of plaintiff to maintain this action. 99 Wis. 333.

Upon remission to the court below the plaintiff applied for and secured leave to make Colman a party defendant. The plaintiff made and served an amended complaint setting

up the facts substantially as herein stated, and alleging Colman's liability for the injuries sustained. To this complaint the city interposed a demurrer that the action was not commenced within the time limited by the charter, and that the complaint did not state facts sufficient to constitute a cause of action. The circuit court overruled the demurrer, and the city appeals.

The points made by the counsel for the city against the order of the court below are based upon certain charter provisions which it is claimed preclude a recovery in this action. Sec. 4, subch. 18, ch. 152, Laws of 1883, provides, in substance, that in case of injury or damage by reason of the insufficient or defective condition of the streets, produced or caused by the wrong, neglect of duty, or default of any person or corporation, such person or corporation shall be primarily liable for all damages for such injury, " and the city shall not be liable therefor until all legal remedies shall have been exhausted to collect such damages from such person or corporation." Sec. 4, ch. 435, Laws of 1889, being an amendment to the charter, contains a clause to the effect that no action shall lie against the city on account of injuries occurring by reason of the insufficiency or want of repair of any street, " unless such action shall be commenced within one year from the happening of such injury," nor unless notice should be given to certain officials, named, within thirty days. Relying upon these provisions, it is argued that the action should not only.be commenced against the city within the year, but also against the person primarily liable.

This contention ignores the force and legal effect of ch. 471, Laws of 1889, now sec. 1340a, Stats. 1898, which provides that the city and party primarily liable may be sued in the same action, and that in any such action brought against any town, city, village, or county in which it shall be alleged in the answer that the defendant is not primarily liable, and that some person or private corporation is so lia-

Schaefer vs. City of Fond du Lac.

ble, the plaintiff may amend his complaint, as provided in sec. 2834, and bring in such party, and, if brought against any person or private corporation, the plaintiff may amend by making the proper corporation a party defendant. This law was in force at the time of the injury complained of and at the commencement of this action. The action was commenced within one year from the date of the happening of the accident. The year of limitation mentioned in the charter does not apply to the party primarily liable. The plaintiff may pursue the latter to judgment any time within the period of general limitation in regard to such causes of action. The only conditions imposed by the charter are that the action must be commenced against the city within one year, and that all legal remedies shall be exhausted against the party primarily liable before the city shall be required to pay. These conditions are not inconsistent with the general law referred to, especially as ch. 471 provides that any judgment against the city shall not be enforced until execution shall have been issued against the parties primarily liable and returned unsatisfied in whole or in part. The provisions of this section, having relation only to the remedy, and not contravening any provision of the charter, must be held applicable to the case in hand.

Omitting the allegations of the complaint regarding the railway company, we find there is sufficient allegation of injury, notice to the city, answer of the city setting up Colman's liability, leave to amend complaint, and proper allegations of Colman's negligence. We are satisfied that the conditions of the charter and general law have been met, and the objection to the complaint on the grounds stated cannot prevail.

It is further argued that the plaintiff has lost his right to prosecute this action as it now stands because of laches in making Colman a party defendant, under *McFarlane v. Milwaukee*, 51 Wis. 691. Upon the facts stated, we should hesi-

tate to say that plaintiff had been guilty of such laches as to preclude a recovery in this action. He proceeded with diligence against the party supposed to be primarily liable, and obtained judgment. The fact that such litigation resulted in a judgment would lead the ordinary man to suppose that he had reached the right party. It would also be a sufficient ground for his insisting upon his position notwithstanding the answer of the city setting up Colman's liability. There is no parallel between this and the *McFarlane Case* in this respect. There the delay was five years and six months. In *Raymond v. Sheboygan*, 76 Wis. 335, this court said: "Ch. 471, Laws of 1889, has changed the remedy so that in proceeding against the city it can no longer be regarded as a mere guarantor of the collectibility of any damages that may be recovered against the principal wrong-doer." The basis of the *McFarlane Case* is that the city was in the position of guarantor, and that from the long delay in bringing suit against the party primarily liable without explanation injury would be presumed. If, as held in the *Raymond Case*, the city is no longer a guarantor, then the reasoning of the *McFarlane Case* has no application, and cannot be said to be controlling in cases of this kind.

Another branch of appellant's argument is based upon the assumption or suggestion that Colman is dead. No mention of that fact is made in the pleadings, and counsel had no right to found any argument upon, or bring into the case, a fact not disclosed by the record.

*By the Court.*— The order of the circuit court is affirmed.