## ROUGHTON *v.* CITY OF ATLANTA.

1. When a city, in the exercise of its corporate powers, changes the grade of one of its streets, and as a result the premises of an adjoining lot owner are rendered less valuable, he is entitled to just compensation for the injury thus sustained, the measure of damages being the diminution in the market value of his property.
2. A municipality is not, however, in such a case, liable in damages for tortious acts of its servants which are not proximately connected with the work incident to the making of the public improvement.

Submitted May 29, — Decided July 20, 1901.

Action for damages. Before Judge Calhoun. City court of Atlanta. September 24, 1900.

Roughton alleged that the city had damaged him by reason of the following facts: On a given day the defendant changed the grade and "filled in" on a designated public street in its charge and control, in the city, on which was the plaintiff's lot, where he resided, and it made a fill on the front end of his lot and fence about four feet, and damaged the lot and the fence in a sum stated; and, having made the fill, the defendant undertook to jack up his house to come above the fill, and did so, about four or five feet, so that the house was about eleven or twelve feet from the ground in the rear of it. In raising the house the timbers in it were torn loose and disturbed,.

the plastering broken, and the roof made to leak; whereby the house was damaged in a stated sum. The making of the change in the lot and the house rendered the place unfit for occupancy as a home, and its rental value was thereby destroyed, thus damaging him in a sum stated. To the allegation that the defendant undertook to jack up the house, etc., the plaintiff added, by amendment, that the defendant entered on his premises and undertook to do this without his knowledge or consent. He alleged also, by amendment, that the defendant ratified and adopted as its own the acts of its agents and employees in raising the house, after it was done, and by so ratifying became liable to pay all damages arising therefrom; also that it ratified these acts by paying for them. The petition was dismissed on general demurrer, the court holding that the acts complained of were ultra vires.

*Henry M. Patty*, for plaintiff. *J. L. Mayson, W. P. Hill, J. A. Anderson*, and *J. T. Pendleton*, for defendant.

LUMPKIN, P. J. The sole question which this case presents for determination is whether or not the petition filed by the plaintiff was capable of withstanding a general demurrer. We hold, without hesitation, that it was.

1. If, as alleged, the city undertook to change the grade of one of its streets by making "a fill on the front end of plaintiff's lot," and as a consequence his fence was damaged and his premises rendered less valuable, his right to compensation for the injury thus sustained is beyond question. *City of Atlanta* v. *Green*, 67 *Ga.* 386. In such a case the measure of damages is the difference between the market value of the property injuriously affected, before and after the change in the grade of the street was made. *City Council of Augusta* v. *Schrameck*, 96 *Ga.* 426; *Hurt* v. *Atlanta*, 100 *Ga.* 274, 281.

2. In so far, however, as the plaintiff sought to recover damages for the tortious acts of the city's servants in subsequently undertaking, without his knowledge or consent, to "jack up" his house so that it would be on a level with the fill made in the street, we are equally confident that the petition did not set forth a cause of action. We fully recognize the doctrine that a municipality is subject to the rule of respondeat superior when, in the prosecution of a public enterprise within the scope of its corporate powers, its au-

thorized agents negligently or unskillfully conduct the work in hand so that damage is done to adjacent private property.   See, in this connection, *Barfield* v. *Macon County*, 109 *Ga.* 386, and cases cited. But where "the act complained of necessarily lies wholly outside of the general or special powers of the corporation as conferred in its charter by statute, the corporation can in no event be liable to an action for damages," notwithstanding its governing body "directly commanded the performance of the act."   2 Dill. Mun. Corp. (4th ed.) § 968. And, of course, an act which is ultra vires in the sense that it is beyond the corporate powers of a municipality can not become the legitimate subject-matter of ratification, since its officials are without authority to ratify an act which they could not in the first instance have legally authorized. As a city has no right to commit a trespass, it can not be held liable for the tortious acts of its servants, in no way connected with the prosecution of public improvements which it has power to make, whereby private property is either damaged or destroyed.   Tiedeman, Mun. Corp. § 338, p. 677.   The trespass complained of in the present case was not committed during the progress of the work done in effecting a change in the grade of the street, but was wholly disconnected therewith. It may safely be assumed, as a general proposition, that tortiously entering upon private grounds and "jacking up" the dwelling of the owner is neither a necessary nor usual incident to the grading of a street in front of the premises.   Certain it is that the plaintiff does not undertake to charge that, as a result of the unskillful or negligent manner in which the work of making the fill referred to was conducted, his house acquired its unwonted and unwanted elevation.   Nor is there in his petition so much as a hint that this particular municipality had corporate authority to effect any such perpendicular change with respect to his habitation. That this could possibly be true passes understanding and belief.

*Judgment reversed.   All the Justices concurring.*