*Thomas A. Brown,* contra.

---

## NALLEY, administratrix, *v.* CARROLL COUNTY *et al.*

An owner of land brought suit on March 14, 1908, against Carroll County and W. W. Nichols, for damages, making, among others, the following allegations: Nichols, acting "in concert" with the county and "with the consent and direction and with the authority of the ordinary" of the county, "who had control of the public roads" of the county, placed rock in 1903 in one of the county's public roads where it crossed a stream, thereby causing the water to overflow the lands of the plaintiff during the spring and summer of the following year, and each year thereafter, each of which overflows caused damage to the plaintiff. "That said partial dam aforesaid is a nuisance to petitioner and to the public in general, and the defendants are maintaining said nuisance negligently and to the petitioner's damage as aforesaid." *Held:*

(*a*) The petition, properly construed, was a suit for damages caused by a maintenance of the alleged nuisance, and not for its creation.

(*b*) It being alleged that the county and Nichols maintained the alleged nuisance on one of the county's public roads, both defendants were liable, under the allegations of the petition, to the plaintiff for the damages caused by the overflows arising from the maintenance of the nuisance each year after its creation.

(*c*) A writ of error will not be dismissed on the ground that it does not appear that the bill of exceptions was filed within 15 days after it was signed and certified by the trial judge, when the certificate of the clerk sending the bill of exceptions to this court was dated within 15 days after the date of the judge's certificate and states that the bill of exceptions was then of file.

FEBRUARY 23, 1911.

Action for damages. Before Judge Freeman, Carroll superior court. October 8, 1909.

*John O. Newell* and *H. W. Nalley,* for plaintiff.

*W. F. Brown,* for defendant.

HOLDEN, J.   The plaintiff in error brought suit for damages against the County of Carroll and W. W. Nichols.   The petition, filed March 14, 1908, as amended, made substantially the following allegations: A certain creek crossed by a public road of the county runs through the plaintiff's land situated near the road.   Nichols, "with the consent and direction and with the authority of" the ordinary of the county, built in 1903 "a partial dam" with rocks "in the road-bed across the said stream to a depth of about 4 or 5 feet and from 7 to 10 feet in width," thereby causing the water in the creek to overflow 50 acres of such land during the spring and summer of each year since 1903.   "The defendants acting in concert, and the said Carroll County through the defendant W. W. Nichols, built a partial dam across the said creek.   That on account of said partial dam, as aforesaid, in the spring of 1904 the spring rains filled up the bed of the creek from said dam or partial dam on lot of land number 26, as aforesaid, and caused the waters of the said creek and the sands of the same to back water and overflow 50 acres" of the plaintiff's land, "and totally destroyed the agricultural purpose of said land.   .   .   That said partial dam aforesaid is a nuisance to petitioner and to the public in general, and the defendants are maintaining said nuisance negligently and to the petitioner's damage as aforesaid."   Plaintiff has been unable to make a crop on or cultivate the lands overflowed, which were "free from injury till the rains in the spring of 1904 aforesaid, and petitioner alleges that since said date and at each succeeding spring his lands have been continuously and annually ruined."   Plaintiff has been damaged $2,000.   The land before being overflowed was worth $200 per acre, and was worth $2,000 per annum for agricultural purposes.   On January 13, 1908, plaintiff filed with the ordinary a claim for such damages.   "The market value of plaintiff's land has been diminished in consequence of the building of said dam and the raising of the bed of said stream, as set out," in the sum of $2,000.   In one of the amendments it is alleged: "The damages as set out in the suit was done as therein set out to the realty within a period of 12 months just prior to the bringing of said action, so far as the same refer to the damage done by the County of Carroll, and within a period of 4 years next preceding

the filing of the suit against the other defendant W. W. Nichols, the said damages being in the lessening of the market value of the premises of the plaintiff." Plaintiff prayed for process, and that the defendants be enjoined from continuing the said nuisance and be required to abate the same.

The petition, properly construed, was an action to recover damages arising from the maintenance of the alleged nuisance, and not for its creation. It does not appear from the allegations of the petition that the erection of the "partial dam" in the public road across the creek caused any damage during the year in which it was erected. The first damage alleged to have been caused was during the spring and summer of the next year, when there was an overflow of the plaintiff's land by backwater caused by the elevation of the public road in the creek. From the same cause there was an overflow of the land during the spring and summer of each of the years following. It is for the damage caused by these overflows that suit was brought. The petition, properly construed, was a suit for damages caused by these different overflows arising from the maintenance of the alleged nuisance. The petition shows that the nuisance was maintained by both defendants, and that damage was caused the plaintiff by an overflow of his lands every spring and summer, which arose from such maintenance. Under the allegations of the petition both defendants were liable for the damages caused by this maintenance of the nuisance, and the petition was not subject to general demurrer. *Terrell County* v. *York,* 127 *Ga.* 166 (56 S. E. 309) ; *Barfield* v. *Macon County,* 109 *Ga.* 386 (34 S. E. 596) ; *Roughton* v. *Atlanta,* 113 *Ga.* 948 (39 S. E. 316) ; *Danielly* v. *Cheeves,* 94 *Ga.* 263 (21 S. E. 524) ; *City Council of Augusta* v. *Lombard,* 101 *Ga.* 724 (28 S. E. 994) ; 1 Am. & Eng. Enc. Law & Prac. 1030, 1031 ; 1 Jaggard on Torts, 338 ; 13 Am. & Eng. Enc. Law, 712-713. There is no ground of demurrer complaining that the petition does not state how or in what manner Nichols aided in maintaining the nuisance.

Damages resulting from the overflows which occurred within twelve months prior to the bringing of the suit would be recoverable against the county. Damages from the overflows occurring prior thereto would be barred as against the county, where no notice of a claim therefor was given it in accordance with the provisions of the Civil Code (1910), § 411. The limitation applicable to the

individual defendant would be four years from the time when the right of action against him accrued. Although the plaintiff's right of action against the county to recover part of the damages sued for was barred under the provisions of law referred to in the preceding note, this fact would not bar the plaintiff's right to recover such damages against the other defendant. *Mashburn* v. *Dannenburg*, 117 *Ga.* 567 (3), 581-583 (44 S. E. 97); 19 Am. & Eng. Enc. Law, 183, 184; Schaefer *v.* City of Fond du Lac, 104 Wis. 39 (80 N. W. 59). The suit was not subject to demurrer on the ground that the action was barred by the statute of limitations. The demurrer did not raise distinctly the question of the measure of damages recoverable; and no decision is made on that subject.

The bill of exceptions has no entry of filing on it, but the certificate of the judge thereto is dated October 29, 1909, and the certificate to the bill of exceptions of the clerk who sent it to this court is dated November 13, 1909, and states that "the foregoing is the true original bill of exceptions, filed in this office." The writ of error will not be dismissed on the ground that it does not appear that the bill of exceptions was filed within 15 days after the same was signed and certified by the presiding judge. *Rusk* v. *Hill,* 117 *Ga.* 722 (45 S. E. 42).

The petition was not subject to any of the grounds of the demurrer; and the judgment of the court below sustaining the demurrer and dismissing the petition is

*Reversed.   All the Justices concur.*