## 33491. REID v. GWINNETT COUNTY.

HILL, Justice.

On September 8, 1977, plaintiff-appellant Reid gave written notice to the chairman of the Gwinnett County Commission that the county had caused or permitted the collection and diversion of surface water from Peachtree Industrial Boulevard and its adjoining right-of-way in Gwinnett County onto plaintiff's property, thereby polluting, filling and damaging his lake and land in the amount of $50,000. The notice asserted that this collection and diversion of surface water constituted a continuing trespass and nuisance.

On September 12, 1977, plaintiff-appellant filed suit against Gwinnett County. The complaint contained allegations similar to those described above and sought

---

injunctive relief as well as damages.

The county moved for summary judgment on the grounds that it had governmental immunity and that there had been no compliance with the 12-months notice requirement of Code § 23-1602. The county relied upon an affidavit which showed that construction of the roadway in question was completed in August, 1975.

The trial court granted the county's motion for summary judgment finding that there had been no compliance with the requirement that "All claims against counties must be presented within 12 months after they accrue or become payable. . . " (Code § 23-1602), and further that the county has immunity from an action for damages.

The plaintiff appeals and we reverse.

A county is subject to suit for damages, as well as injunctive relief, for maintaining a roadway in such manner as to constitute a continuing nuisance by diverting surface water onto a property owner's property. *Fulton County v. Baranan,* 240 Ga. 837 (242 SE2d 617) (1978); *Baranan v. Fulton County,* 232 Ga. 852 (209 SE2d 188) (1974); *DeKalb County v. McFarland,* 223 Ga. 196 (2) (154 SE2d 203) (1967). It is no defense that the property is not adjacent to the roadway in question. 1969 Op. Atty. Gen. 69-106, p. 135 at 136.

While it is true that Code § 23-1502 provides that "A county is not liable to suit for any cause of action unless made so by statute," it is also true that Art. I, Sec. III, Par. I of the Constitution (Code Ann. § 2-301) provides that private property shall not be taken *or damaged* for public purposes without just and adequate compensation being paid. As was said in the second *Baranan* case, supra, "The right of a property owner to recover against a county for damages to his property because of public improvements ... is by reason of [this] constitutional provision . . ."

Where a county maintains a continuing nuisance by diverting surface water which causes damage to property, a claim arises in favor of the property owner each time such flooding, siltation, pollution or other damage occurs. Upon giving the 12-months notice required by Code § 23-1602, such property owner is entitled to recover those damages incurred in the 12-months preceding the giving

of the notice. *DeKalb County v. McFarland,* supra; *Nalley v. Carroll County,* 135 Ga. 835, 837 (70 SE 788) (1910).

Any inference in *Habersham County v. Knight,* 63 Ga. App. 720, 724 (12 SE2d 129) (1940), that the property owner would be barred from recovering for damages for a continuing nuisance if notice were not given within 12 months of completion of construction of the roadway is contrary to the *DeKalb* and *Carroll County* cases, supra, and will not be followed. See also *Waters v. DeKalb County,* 208 Ga. 741 (2) (69 SE2d 274) (1952). The case of *Doyal v. Dept. of Transportation,* 142 Ga. App. 79 (234 SE2d 858) (1977), involved damages which occurred on one occasion when a culvert collapsed. It therefore is not applicable here.

From the foregoing it follows that the trial court erred in granting summary judgment to the county.

*Judgment reversed. All the Justices concur, except Bowles, J., who concurs in the judgment only.*

Argued May 8, 1978 — Decided September 7, 1978.

*Haas, Holland, Levison & Gibert, Richard N. Hubert, Robert L. Schwind,* for appellant.
*James A. Henderson,* for appellee.