## 34020. GIBSON v. DeKALB COUNTY.

*All the Justices concur, except Undercofler, P. J., and Hill, J., who dissent.*

ORDERED SEPTEMBER 15, 1978.

HILL, Justice, dissenting.
I dissent from the denial of certiorari.
Plaintiff's son, eleven years old, was at a pool owned and operated by DeKalb County. The boy was charged and paid a twenty-five cents admission fee for use of the pool facilities. When a child reported to a lifeguard that he had felt a body under the water, two lifeguards cleared the pool of some 150 children. The visibility in the water in the pool was only several inches allegedly as a result of dirt which entered the pool from holes in the walls and a faulty filtering system. This condition, which the

lifeguards had reported to their supervisor on numerous occasions, prevented them from being able to see children swimming under water or lying on the bottom of the pool.

The two lifeguards proceeded to search the pool by repeatedly diving to the bottom and feeling around in the pool with their hands. They employed this procedure at least 7 times until the boy's body was found.

Although mouth-to-mouth resuscitation was attempted, the boy died from drowning. One of the lifeguards expressed the opinion that they could have saved the boy if the water had been clear.

In my view the doctrine of sovereign immunity invoked here deprives the plaintiff or her deceased son of damages for his life without due process of law in violation of the 14th Amendment to the Constitution of the United States. A father is deprived of his deceased son's services (a common law right of property) without due process under similar circumstances. The provisions relied upon by the Court of Appeals (Code §§ 2-3401, 23-1502) cannot withstand federal constitutional attack and I would therefore abolish sovereign immunity as being unconstitutional. See *Reid v. Gwinnett County,* 242 Ga. 88. See also the dissent in *Miree v. United States,* 242 Ga. 126.