58381. ANDERSON et al. v. COLUMBUS, GEORGIA
et al.

McMURRAY, Presiding Judge.

On August 3, 1977, considerable flooding occurred when surface water in the Lindsey Creek drainage system in Columbus, Muscogee County, Georgia, overflowed its channel. Mud, silt and sedimentation from property of the Columbus Airport Commission located south of Windsor Park Subdivision as well as other flood water crossed over Britt David Road and onto properties of certain residents and homeowners in the Windsor Park Subdivision.

Whereupon certain residents and owners of property in Windsor Park Subdivision, as plaintiffs, sued the consolidated city-county government of Columbus, Muscogee County, Georgia, Columbus Airport Commission, Brady Williamson Contractors, Inc. and Delta Associates, Inc. for damages resulting from the overflow of the Lindsey Creek drainage system.

In Count 1 they sought actual and compensatory damages as set forth therein for the diminution in market value of their real estate; loss, damage and destruction of personal property, furniture, fixtures, clothing and miscellaneous items of household property; injury and damage in the use, benefit and enjoyment of their property caused by the maintenance of a nuisance and the negligence of defendants, which they contend was wilful and wanton negligence; and expenses of litigation, including attorney fees, as a result of the failure to abate the nuisance, thereby specially injuring the plaintiffs after Columbus, Georgia, and its officials had notice for several years of the injurious nature of the conditions which became magnified, increased and aggravated, all of which was wilful and in bad faith. As to Columbus Airport Commission and the two contractor defendants, it is alleged that they failed to exercise ordinary care, having knowledge or should have known of the conditions existing prior to certain construction of improvements at

the airport facility of the Columbus Airport Commission. Each of the plaintiffs also sought $5,000 as punitive damages, plus reasonable attorney fees to be shown by the evidence.

Count 2 alleges that the actions of the defendants Columbus, Georgia, and Columbus Airport Commission, constituted a continuing trespass and continuing nuisance, public and private, and a continuing trespass by reason of the flooding of plaintiffs' property and various other properties outside the boundaries of Lindsey Creek. Plaintiffs contend they have no adequate remedy at law and to avoid a multiplicity of suits by way of temporary restraining orders, they ask that the situation in the vicinity of Lindsey Creek be declared a nuisance, public and private, and that both the defendants, Columbus, Georgia, and Columbus Airport Commission, be restrained and permanently enjoined from permitting and allowing said conditions which caused said flooding to exist. Ante litem notice as to the claims was given to the city by and through the city manager of the consolidated government.

The defendant Columbus, Georgia, answered, denying the material allegations and adding other defenses such as governmental immunity, waiver, estoppel, laches, an act of God, and barring of the claims by applicable statutes of limitation. The defendant Columbus Airport Commission answered, contending it is a non-profit organization, subsidized by tax monies of Columbus, Georgia, and other public monies from various other sources, and, under the law, is immune from and not subject to the claims alleged against it. It likewise admitted jurisdiction but denied the other averments of the complaint in both counts, and further alleged that the complaint failed to state a claim against it. The two corporate defendants who were involved in the extension of a taxi-way at the airport on property of the Columbus Airport Commission, both in their separate answers, admitted jurisdiction but denied all material allegations against them. Brady Williamson Contractors, Inc. added the defense of failure of the plaintiffs to state a claim against it.

Following considerable discovery by deposition and

interrogatories, each of the defendants filed its respective separate motions for summary judgment. Thereafter additional affidavits were filed, and after a hearing the motion for summary judgment by Columbus, Georgia, was granted. The motion for summary judgment by Columbus Airport Commission was likewise granted. However, the motions for summary judgment filed by defendants Brady Williamson Contractors, Inc. and Delta Associates, Inc. were denied. The plaintiffs appeal. *Held:*

1. This case was first filed in the Supreme Court but it has since been transferred to this court by order for review. We therefore proceed to review the case without further consideration of issues involving the jurisdiction of the Supreme Court of Georgia except as to the sufficiency of evidence, that is, if there be any evidence which would require a jury determination of the issues. If not, then the judgment should be affirmed. Compare *National Indem. Co. v. Berry,* 136 Ga. App. 545, 551 (1) (221 SE2d 624), in which summary judgment was granted in an equitable reformation case, and transferred by the Supreme Court to the Court of Appeals for review.

2. Both defendant governmental authorities strongly insist on their status under sovereign immunity in the performance of governmental duties and functions. Columbus Airport Commission, formerly known as the Muscogee County Airport Commission, contends it was created by constitutional amendment (see Ga. L. 1968, p. 1655 et seq.), is a subdivision of the state representing the county to perform airport duties and is entitled to all sovereign immunity to which Muscogee County and the municipality, Columbus, Georgia, would have upon consolidation of the city-county government. It cites such cases as *Swoger v. Glynn County,* 179 Ga. 768 (177 SE 723); *Mayor of Savannah v. Lyons,* 54 Ga. App. 661 (189 SE 63); *Crowder v. Dept. of State Parks,* 228 Ga. 436 (185 SE2d 908); *Sheley v. Board of Public Education,* 233 Ga. 487 (212 SE2d 627); *Revels v. Tift County,* 235 Ga. 333 (219 SE2d 445); *Miree v. United States of America,* 242 Ga. 126 (249 SE2d 573) and *Health Facility Investments v. Ga. Dept. of Human Resources,* 238 Ga. 383 (233 SE2d 351) as well as many others in support of its position. It contends that even though its birth status resolution (thereafter

adopted by the people — Ga. L. 1968, pp. 1655, 1658, supra) creates it as "a body corporate and politic and as such is granted the right to sue and to be sued in its own name..." still its similarity as a branch of the state and of the county and city combined government entitles it to sovereign immunity granted to counties. It likewise seeks to distinguish itself from the various public corporations created to perform various activities and held to be subject to suit under the authority of the decision in *Knowles v. Housing Authority*, 212 Ga. 729 (95 SE2d 659).

But conceding that the performance of an airport function may be governmental in nature, and as such the city-county government and the commission, in the performance of this activity, would not be subject to certain types of actions which are barred by sovereign immunity, we do not reach that issue as will be more fully shown hereafter.

3. Rather, we hold this case is controlled by such decisions as *Reid v. Gwinnett County*, 242 Ga. 88, 89 (249 SE2d 559); *Duffield v. DeKalb County*, 242 Ga. 432 (249 SE2d 235); *Fulton County v. Baranan*, 240 Ga. 837 (242 SE2d 617); *DeKalb County v. McFarland*, 223 Ga. 196 (2), 200 (154 SE2d 203); *McFarland v. DeKalb County*, 224 Ga. 618 (163 SE2d 827); *Baranan v. Fulton County*, 232 Ga. 852 (209 SE2d 188), all of which hold even counties are subject to suit for damages, as well as injunctive relief, in the maintenance of an activity so as to constitute a continuing nuisance by diverting surface water onto a property owner's property and which is violative of a citizen's constitutional right "that private property shall not be taken *or damaged* for public purposes without just and adequate compensation being paid." *Reid v. Gwinnett County*, 242 Ga. 88, 89, supra.

4. Inasmuch as the evidence fails to distinguish which one of the combined activities of the commission, its contractors, or the city-county government is responsible for the increased flows of water in the Lindsey Creek drainage area of the airport, caused the flooding, siltation, and resulting damage; and of which there is no doubt that same occurred from the overflow of considerable and tremendous flood water, the trial court erred in granting summary judgment in favor of the

defendants, Columbus, Georgia, and Columbus Airport Commission.

The flooding occurred in 1977. There was evidence of knowledge of flooding situations as early as 1975 which should have been remedied by dredging, installation of new and larger culverts, the collection and removal of debris, and/or establishing a storage reservoir and other changes in the drainage facility, and which was in addition to the more recent work establishing the extension of the taxi-way by the defendant contractors. Therefore, issues of material fact remain for exact determination of the causes of the flooding, siltation, damage; who caused it, how and why; and the lack of care which resulted in the damage, as all of the above are not susceptible of summary adjudication. See *Hanchey v. Hart,* 120 Ga. App. 677, 680 (171 SE2d 918); *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259 (174 SE2d 178); *Charter Builders, Inc. v. Sims Crane Service,* 150 Ga. App. 100, 101-102 (256 SE2d 678); *Turk v. City of Rome,* 133 Ga. App. 886, 888-889 (3, 4) (212 SE2d 459); *City of Rome v. Turk,* 235 Ga. 223 (219 SE2d 97).

*Judgment reversed. Banke and Underwood, JJ., concur.*

ARGUED SEPTEMBER 24, 1979 — DECIDED NOVEMBER 27, 1979 — REHEARING DENIED DECEMBER 13, 1979 —

*James E. Humes, II, William B. Hardegree,* for appellants.

*Ray L. Allison, E. H. Polleys, Jr., L. M. Layfield, Jr., Harry Dicus,* for appellees.