68983, 69059. ETHERIDGE et al. v. DOUGHERTY COUNTY; and vice versa.
(329 SE2d 201)

BANKE, Chief Judge.

Kathy and David Etheridge brought this suit against Dougherty County to recover for flooding damage to their home caused by the overflow of a county-maintained drainage ditch. A jury awarded the plaintiffs $3,000; however, the trial court granted the county's subse-

quent motion for judgment notwithstanding the verdict. The plaintiffs filed an appeal from this order, and the county filed a cross-appeal from the denial of its alternative motion for new trial.

The drainage ditch ran parallel to a county road passing in front of the house. It was dug in 1968, at the time the road was paved. The house was subsequently constructed by a developer in the late 1970's and was purchased by the plaintiffs in 1979 as a new home. Although the lot is obviously located in a low-lying area, the house was built on a concrete slab only three inches off the ground. The drainage ditch overflowed once in 1979 and once in 1980 during periods of heavy rain, but the floodwaters did not reach the house on either occasion. In 1981, floodwaters reached the front porch for the first time. On March 6, 1983, during a particularly heavy rainstorm, the house itself was flooded, resulting in the damage upon which this suit is based.

In response to complaints from the plaintiffs and their neighbors, county personnel had attempted on several occasions between 1979 and 1983 to alleviate the flooding problem, either by scraping and widening the ditch or by building up the area around it. After the 1981 flooding, Mrs. Etheridge was told by a county employee that a culvert passing under her driveway was too small and needed to be replaced with larger pipes but that "it would cost the county too much money and they couldn't do it. That they were going to try again to dig the ditches back out." Within a week after the 1983 flooding, the county installed an additional, larger pipe under the driveway. *Held*:

1. "Where a county maintains a continuing nuisance by diverting surface water which causes damage to property, a claim arises in favor of the property owner each time such flooding, siltation, pollution, or other damage occurs." *Reid v. Gwinnett County*, 242 Ga. 88, 89 (249 SE2d 559) (1978). See also *Anderson v. Columbus, Ga.*, 152 Ga. App. 772, 775 (3) (264 SE2d 251) (1979); *Ingram v. Baldwin County*, 149 Ga. App. 422, 422-423 (254 SE2d 429) (1979). The gravamen of the tort is the diversion of surface water. No evidence was presented in the present case to indicate that any diversion of surface waters occurred as the result of any activity carried out by the county. Rather, the sole activity on which the county's alleged liability was predicated was the widening and deepening of the drainage ditch. It may not reasonably be concluded that this activity contributed to the volume of water flowing across the plaintiffs' yard or otherwise led to the flooding of their home. Instead, the scraping and widening of the ditch would logically have lessened the likelihood of its overflowing by increasing its capacity.

The cases cited by the plaintiffs are inapposite, as in each of them there was evidence that the governmental unit in question had engaged in street construction or other development activities which

altered the natural flow of the surface waters or interfered with the natural drainage of the soil. See *City of Columbus v. Myszka*, 246 Ga. 571 (272 SE2d 302) (1980); *DeKalb County v. McFarland*, 231 Ga. 649 (203 SE2d 495) (1974); *Cannon v. City of Macon*, 81 Ga. App. 310, 319 (58 SE2d 563) (1950). Since no such activities were shown in this case, we must affirm the grant of the county's motion for judgment notwithstanding the verdict.

2. The cross-appeal is rendered moot by the foregoing.

*Judgment affirmed in Case No. 68983; appeal dismissed in Case No. 69059. Pope and Benham, JJ., concur.*

DECIDED MARCH 5, 1985 —
REHEARING DENIED MARCH 22, 1985 — 

*Henry C. Custer*, for appellants.
*William S. Lee, W. Spencer Lee IV*, for appellee.