## 26205. BEASLEY v. LAMB.

FELTON, Justice. The appellant father brought this habeas corpus proceeding against his former wife to recover the custody, awarded him in a divorce decree in Muscogee County Superior Court, of the parties' three minor children, which she was allegedly illegally detaining from him in Richmond County. The defendant answered, alleging that the custody agreement upon which the decree was based was obtained by fraud and deception and that there were substantial changes in conditions affecting the welfare of the children since the decree was entered, and asking for custody of the children to be awarded to her. The Richmond County Superior Court entered an order awarding the mother custody and child support. The father appealed from this judgment, enumerating as error (1) the award of custody to the defendant when there was an outstanding order of the Muscogee Superior Court awarding custody to the plaintiff; (2) the award of child support to the defendant (not prayed for in her answer) subsequent to the grant of divorce between the parties; and (3) the overruling of the plaintiff's motion in arrest of judgment.

1. It is not necessary to construe the trial court's order awarding custody to the mother, "by virtue of [the trial] court's finding that said action is in the best interest of the aforementioned minor children", as setting aside the divorce decree *as to the validity of the divorce itself,* in order to justify his award of child support. The only reasonable construction of the holdings in such cases as *Peeples v. Newman,* 209 Ga. 53, 58 (70 SE2d 749) and cit.—and *Summers v. Summers,* 212 Ga. 614, 615 (94 SE2d 725) and cit.—to the effect that it is error for the court to award the former wife an allowance for the support of the minor children of the parties after a total divorce has been granted the parties, regardless of whether custody was awarded to the father or to the mother, until the divorce decree has been set aside—is that the parties are bound by the provisions of the original decree until it is set aside, not as to the validity of the divorce itself, but as to its provisions (or lack of provisions) as to child custody and child support. This does not pre-

clude the defendant mother from showing that a material change in circumstances affecting the welfare of the children has taken place since the decree awarding custody to the father was entered, so as to authorize the trial judge, whose discretion in such determination will not be controlled by this court unless it is abused, to modify the decree as to custody. *Beckman v. Beckman,* 225 Ga. 693, 695 (171 SE2d 135) and cit.; *Josey v. Ledbetter,* 226 Ga. 563 (1) (175 SE2d 900) and cit. In such event, as in the present case, the trial court may be authorized to award the mother an allowance for child support along with custody, since no child support provisions were necessary, hence not included, in the original decree granting custody to the father, it being implicit in said decree that the father was to support his children, as required by the law. The appellant argues that an award of child support can not be made in a habeas corpus proceeding, the sole object of which is the restoration to liberty of a person illegally held in custody by another (Simmons v. Ga. Iron & Coal Co., 117 Ga. 305 (1) (43 SE 780, 61 LRA 739)), especially where, as here, there is no prayer therefor. The *Simmons* case goes on to point out, on p. 309, that habeas corpus "has been called a civil or criminal proceeding, according to whether the person is held in custody on a criminal charge or by private restraint," which shows that a habeas corpus proceeding for child custody is in a somewhat different category from the other situations included in *Code Ann.* § 50-101 (Ga. L. 1967, p. 835). This court has held that, in an order changing child custody from one party to the other, the court can provide therein that the child support shall be payable to or by the person to whom custody is awarded. See *Bodrey v. Bodrey,* 224 Ga. 348 (4) (161 SE2d 864). Furthermore, such provision can be made by the court on its own motion and within its discretion as an adjunct of the custody order in the absence of specific prayers therefor. As was stated in *Simmons,* supra (3), "[t]he technical rules of pleading are not applicable in a proceeding of this character; . . . the better practice, when the person detained is before the court, is to inquire into the cause of the restraint and *pass such order as the justice of the case requires."* (Emphasis supplied.) The awards of custody and

child support to the mother in this case, therefore, were not erroneous as a matter of law.

2. The notice of appeal in this case states that "The clerk will please forward the entire record to the Supreme Court," and does not specify whether or not a transcript of evidence and proceedings is to be transmitted as a part of the record on appeal, as is required by *Code Ann.* § 6-802 (Ga. L. 1965, pp. 18, 20, as amended). The record in the case does not contain a transcript of the evidence adduced upon the trial and the clerk of the trial court in transmitting the case to this court certified that "Said attached pages, together with the Notice of Appeal filed in this office in the said case on July 29th, 1970, [with the next phrase, "and together with the Transcript of Evidence and Proceedings in said case" x-ed out], this day separately certified by me and transmitted to the Supreme Court of Georgia, constitute the entire record on appeal in the said case." Whether or not there is any merit in the enumeration of errors cannot be determined without resort to the evidence adduced on the trial. Accordingly, the judgment of the trial court must be affirmed. *Lankford v. Lankford,* 225 Ga. 147 (166 SE2d 354).

*Judgment affirmed. All the Justices concur.*

SUBMITTED DECEMBER 14, 1970—DECIDED JANUARY 21, 1971—
REHEARING DENIED FEBRUARY 15, 1971.

*John H. Ruffin, Jr.,* for appellant.
*O. Torbitt Ivey, Jr., Harris, Chance & McCracken,* for appellee.

