## 29405. JAMES v. HOUSING AUTHORITY OF CITY OF ATLANTA.

JORDAN, Justice.

On June 23, 1971, the Atlanta Housing Authority initiated eminent domain proceedings against Reverend John James, appellant in the above styled appeal, in the Fulton Superior Court. Appellant, acting *pro se,* filed his answer on July 6, 1971, in which he alleged that to so relinquish his property would be contrary to his marriage contract to support his wife and family, impose upon his family and The Atlanta Zoning Commission, and further that the taking would constitute an act of treason against his family and the various institutions of government they represent. Said institutions were listed as being (a) the state motto; (b) The Preamble to the United States Constitution; (c) The Bill of Rights; and (d) The Fourteenth Amendment.

The original hearing before the assessors was scheduled for July 19, 1971. The appellant failed to appoint an assessor and the Fulton Court of Ordinary appointed one for him on July 23, 1971, pursuant to Code Ann. § 36-401. The assessors then met on August 5, 1971, and entered an award "after due notice to all parties."

On August 18, 1971, after the assessors award was entered and after the amount of said award was paid into the registry of the court, Fulton Superior Court entered an order vesting title to the property in the housing authority and directing that the funds owed appellant be distributed. Reverend James did not appeal from this judgment, but refused to relinquish possession of the property involved.

The Housing Authority filed a complaint for land and mesne profit on December 7, 1971. Appellant filed his answer which was almost identical to his answer to the original petition except that he included his vocational teaching permit, a personal resume and his daily prayer.

On August 16, 1972, a hearing was held in the Fulton Superior Court on the merits of the issues raised. After evidence was presented and arguments were made, the trial court granted the relief prayed for in the complaint.

On August 24, 1972, the appellant, now represented

by counsel, filed a plea of illegality in which for the first time evident in the record he alleged that he did not receive notice of the July 21, 1971, hearing by the assessors as required by Code § 36-501. No order as to the plea of illegality is present in the record, and appellant's notice of appeal is directed toward the August 16, 1972 order of the Fulton Superior Court.

After assessors made their award appellant could have appealed the award to the superior court for a de novo jury trial pursuant to Code Ann. § 36-601 et seq., or he could have appealed to this court from the judgment based on the award in order to correct any error as to defective notice. Appellant took neither action.

The August 16, 1972 order was issued after hearing the evidence presented and the arguments made. Appellant had notice of this hearing and an opportunity to raise any defects as to notice of the assessors' hearing. The appellant chose not to have a transcript of the August 16, 1972 hearing prepared and transmitted to this court. Since we cannot determine what evidence was presented at the hearing, and on what basis the trial judge issued his order, we must affirm the trial court's judgment. *Brown v. State,* 223 Ga. 540 (156 SE2d 454); and *Reid v. Wilkerson,* 223 Ga. 751 (158 SE2d 241).

*Judgment affirmed. All the Justices concur. Hill, J., not participating.*

SUBMITTED NOVEMBER 22, 1974 — DECIDED JANUARY 7, 1975.

*W. M. Mathews, Jr.,* for appellant.
*King & Spalding, Jack H. Watson, Jr., C. David Vaughn,* for appellee.