## 29259. INTERSTATE FINANCIAL CORPORATION v. APPEL.

GUNTER, Justice.

This case is here by grant of a writ of certiorari to the Court of Appeals. See *Interstate Financial Corp. v. Appel,* 132 Ga. App. 477 (208 SE2d 336). We granted the writ because the main issue involved is one of appellate practice when a summary judgment is granted in the trial court. In this case the summary judgment was total, not just as to some issues, and it was therefore a final judgment in the case. The judgment rendered mooted the second count of the complaint.

The summary judgment was rendered against the defendant-appellant. The notice of appeal designated that the following be omitted from the record on appeal: "All of the deposition of Donald Alan Appel, except pages 1-6, 17-21, 46-47, 54-55, 123-124, 336-344, 586-588 and 600-608." The appellee did not make any counter-designation of the record pursuant to Code Ann. § 6-806 which in part provides: "If the appellant designates

any matter to be omitted from the record on appeal as hereinbefore provided, the appellee may, within fifteen days of serving of the notice of appeal by appellant, file designation of record designating that all or part of the omitted matters be included in the record on appeal."

The Court of Appeals did not review the appeal on its merits and held that "without the entire evidence considered on the motion for summary judgment, we must assume that the evidence authorized the judgment of the trial court. *Cason v. Upson County Bd. of Health,* 227 Ga. 451, 453 (2) (181 SE2d 487); *Garrett v. Heaton,* 131 Ga. App. 155 (205 SE2d 718)." The summary judgment rendered in the trial court in favor of the appellee was then affirmed by the Court of Appeals.

It is obvious that the appellant has not had the summary judgment rendered against it in the trial court reviewed on appeal. The Appellate Practice Act of 1965 provides that it shall "be liberally construed so as to bring about a decision on the merits of every case appealed and to avoid . . . refusal to consider any points raised therein." Code Ann. § 6-905. Also, Code Ann. § 6-809 (b) provides that the validity of any appeal shall not be affected or consideration of any enumerated errors refused except for three stated reasons, none of which are applicable in this case. This statute also provides: "At any stage of the proceedings, either before or after argument, the [appellate] court shall by order, either with or without motion, provide for all necessary amendments, require the trial court to make corrections in the record or transcript or certify what transpired below which does not appear from the record on appeal, *require that additional portions of the record or transcript of proceedings be sent up,* or require that a complete transcript of evidence and proceedings be prepared and sent up, or take any other action to perfect the appeal and record so that the appellate court can and will pass upon the appeal and not dismiss it."

We think that this statutory language means that our appellate courts shall pass upon the merits of an appeal from a final judgment on the record before it, and if the record before it is insufficient to pass upon the merits, the appellate court should require the record to be

supplemented if the necessary additions are available in the trial court.

The appeal in *Cason v. Upson County Bd. of Health,* 227 Ga. 451, supra (1971) was an interlocutory appeal, an appeal from a judgment granting a temporary injunction. The appeal in *Garrett v. Heaton,* 131 Ga. App. 155 (205 SE2d 718) (1974), was an interlocutory appeal by certificate from a judgment that denied summary judgment. In neither of those cases had a final judgment been rendered in the trial court. Therefore, subsequent appeals could still be taken after the rendition of final judgments.

*Darsey v. Darsey,* 232 Ga. 381 (207 SE2d 22) (1974) was an "abuse of discretion" case in which there was no transcript of the evidence. A transcript of the evidence was not available in the trial court, because the evidence had not been reported.

In any event, we now hold that the Appellate Practice Act requires that appeals from final judgments be determined on their merits if at all possible, and the absence in the appellate record of existing transcripts or documents, available in the trial court, is not ground to refuse consideration of enumerated errors on their merits. In every case the appellee has ample opportunity to designate anything in the record or the transcript of the evidence that has not been designated by the appellant. We believe that the ends of justice are better served by allowing the appellant or the appellee to send up through the clerk of the trial court additional available documents or transcripts that will enable the appellate courts to render decisions on the merits.

The judgment of the Court of Appeals is reversed, and the case is remanded for further proceedings consistent with this opinion.

*Judgment reversed. All the Justices concur, except Undercofler, P. J., who concurs specially.*

ARGUED NOVEMBER 14, 1974 — DECIDED FEBRUARY 11, 1975.

*Kaler, Karesh & Frankel, Jerry L. Sims, John M. Comolli,* for appellant.

*Karp & Karp, Barry, A. Karp,* for appellee.