## 36981. BROWN v. FRACHISEUR.

SMITH, Justice.

Appellant and appellee are brother and sister. Appellant filed a caveat to the will of their deceased brother which appellee, as executrix, had offered for probate. The will was probated in solemn form, and appellant appealed to the superior court for de novo review pursuant to Code Ann. §§ 6-201 and 6-501. The superior court granted appellee's motion for summary judgment based on the probate court record. Appellant appeals contending that summary judgment in favor of appellee was erroneous. We affirm.

Generally, the same procedural rules apply in a de novo review as in any other civil case before the trial court. See *Woodall v. First Nat. Bank,* 118 Ga. App. 440 (164 SE2d 361) (1968). Thus, where the probate court record is properly before the superior court (see Code Ann. § 6-501), it may be considered by the court in ruling on a motion for summary judgment. *Taylor v. Donaldson,* 227 Ga. 496 (181 SE2d 340) (1971); *In Interest of Smith,* 143 Ga. App. 358 (238 SE2d 725) (1977). If the movant establishes that he is entitled to summary

judgment based upon the probate court record, the burden shifts to the non-moving party to show a genuine issue of material fact. See *Richards v. Tolbert,* 232 Ga. 678 (208 SE2d 486) (1974); *Baker v. C. & S. Nat. Bank,* 147 Ga. App. 188 (248 SE2d 224) (1978); CPA § 56 (Code Ann. § 81A-156).

While, at trial, the party moving for summary judgment has the burden of establishing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law, it is well settled that, on appeal, the burden is on the appellant to establish error. See, e.g., *Tanis v. Tanis,* 240 Ga. 718 (242 SE2d 71) (1978); *Buford v. Buford,* 234 Ga. 700 (217 SE2d 160) (1975). In order for the appellate court to determine whether the grant of summary judgment was erroneous, the appellant must include in the record those items which will enable the appellate court to ascertain whether a genuine issue of material fact remains or, if the record establishes there is no such issue of fact, whether the moving party is entitled to judgment as a matter of law. See *Frost v. Gasaway,* 229 Ga. 354 (190 SE2d 902) (1972); *Anderson v. Columbus, Ga.,* 152 Ga. App. 772 (264 SE2d 251) (1979); Fristoe v. Reynolds Metals Co., 615 F2d 1209 (9th Cir. 1980).

In the instant case, the transcript of the probate court proceedings is essential to making the above determinations. Appellant, however, chose to omit this transcript from the record on appeal. Since appellant has failed to meet his burden of showing error, the judgment of the trial court must be affirmed.

Our position is bolstered by Code Ann. § 6-805 (c), which provides in pertinent part: "[W]here an appeal [is] taken which *draws in question* the transcript of the evidence and proceedings, it *shall* be the duty of the appellant to have the transcript prepared at his expense . . ."[1] Thus, where the transcript is necessary for review and appellant omits it from the record on appeal, the appellate court must assume the judgment below was correct and affirm. See *McAllister v. City of Jonesboro,* 242 Ga. 95 (249 SE2d 565) (1978); *Brooks v. Home Credit Co.,* 128 Ga. App. 176 (196 SE2d 176) (1973).

Code Ann. § 6-809 (b) does not, in our view, lead to a different result. The statute is concerned with dismissals of appeals. Code Ann. § 6-809 (b) does not prohibit an affirmance on the ground that the appellant failed to present the appellate court with a record sufficient

---

[1] "If the appellant designates any matter to be omitted from the record on appeal as hereinbefore provided, the appellee *may,* within 15 days of serving of the notice of appeal by appellant, file designation of record designating that all or part of the omitted matters be included in the record on appeal. . ." (Emphasis supplied.) Code Ann. § 6-806. However, appellee is not required to do so.

to enable it to determine whether the trial court has committed reversible error. See *Aviation Electronics, Inc. v. U. S. Energy Conservation Systems,* 242 Ga. 224 (248 SE2d 610) (1978). Clearly it is not the function of the appellate court to prosecute an appeal on appellant's behalf. To the extent that *Holloway v. Giddens,* 239 Ga. 195 (236 SE2d 491) (1977) and *Interstate Financial Corp. v. Appel,* 233 Ga. 649 (212 SE2d 821) (1975) conflict with the views expressed herein, they are overruled.

*Judgment affirmed. All the Justices concur, except Jordan, C. J., and Gregory, J., who concur in the judgment only.*

DECIDED APRIL 15, 1981.

*William Boyd Lyons,* for appellant.
*Fred D. Bentley, Sr.,* for appellee.