## 65613. PUGH v. FRANK JACKSON LINCOLN-MERCURY, INC.

BANKE, Judge.

Appellant Pugh commenced an action for malicious use of process against Frank Jackson Lincoln-Mercury, Inc. The trial court granted summary judgment for the latter, and Pugh appeals.

On July 21, 1977, appellant traded a 1973 Lincoln Continental to appellee for a Jeep Cherokee vehicle. In the course of the exchange, he signed an odometer disclosure form, representing the mileage on the 1973 Lincoln to be 20,165. Appellee sold the car to another customer and subsequently discovered from the Georgia Office of Consumer Affairs that the actual mileage on the vehicle at the time of the exchange had been between 60,000 and 80,000. It then sued both Pugh and the previous owner of the vehicle, Thomas Sanford, in the United States District Court for the Northern District of Georgia, alleging fraudulent misrepresentation of the vehicle's mileage and a violation of the Odometer Disclosure Act, 15 USC §§ 1981 et seq. The claim against Sanford went into default, while the claims against appellant were tried before a jury, resulting in a verdict in his favor as to the alleged Odometer Disclosure Act violation and a directed verdict in his favor on the count alleging fraudulent misrepresentation. Appellant subsequently initiated the present proceedings in the Superior Court of Fulton County. *Held:*

OCGA § 9-11-56 (c) (Code Ann. § 81A-156) allows summary judgment only where there is no genuine issue as to any material fact, and the evidence shows that the movant is entitled to judgment as a matter of law. Furthermore, "on motion for summary judgment by a party on whom the burden of proof does not lie on the trial of the case, all the evidence must be construed against the movant and in favor of the party opposing the motion . . ." *State Farm Mut. &c. Ins. Co. v. Tucker,* 130 Ga. App. 187 (202 SE2d 551) (1973); *Burnette Ford, Inc. v. Hayes,* 227 Ga. 551 (181 SE2d 866) (1971).

"To recover for malicious use of process, the following requisite elements must be shown: (1) prosecution of a civil action with malice; (2) such prosecution was without probable cause; (3) a termination of the proceedings in favor of the defendant; and (4) the prosecution of the process caused: (a) arrest of the person; (b) a seizure of his property; or (c) other special damage." *Pair v. Southern Bell Tel. &c. Co.,* 149 Ga. App. 149 (253 SE2d 828) (1979). For appellant to prevail against appellee's motion for summary judgment, a genuine issue of

fact as to each of the above elements had to have existed.

Appellant contends that his attorney fees and expenses incurred to avoid the seizure of his property were recoverable as special damages under the authority of *Slater v. Kimbro,* 91 Ga. 217 (18 SE 296 (1892), and *Johnson v. Monumental Properties,* 141 Ga. App. 151 (232 SE2d 644) (1977). His reliance upon those cases is misplaced, however, because both of those cases involved expenses incurred in avoiding eviction from leased premises. Appellee here sought only a judgment for money damages, and no seizure of property was involved. The only expenses incurred by appellant were those normally incidental to defending such a lawsuit to avoid the judgment. Attorney fees and other expenses of defending a lawsuit simply do not constitute special damages requisite for actions on malicious use of process. *Jacksonville Paper Co. v. Owen,* 193 Ga. 23 (17 SE2d 76) (1941); *Greer v. State Farm Fire &c. Co.,* 139 Ga. App. 74 (227 SE2d 881) (1976). Appellant having suffered no special injury, the trial court properly granted summary judgment for appellee.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 1, 1983.

*William A. Dinges,* for appellant.
*Warren W. Wills, Jr., Robert U. Wright,* for appellee.