## 65622. TEDOFF v. MONCRIEF UNIQUE INDOOR COMFORT, INC.

McMurray, Presiding Judge.

Plaintiff Moncrief Unique Indoor Comfort, Inc. brought this action against defendants Robert Hugely & Associates, Inc. (hereinafter contractor) and defendant Tedoff to recover compensation for certain improvements made upon real property owned by defendant Tedoff. Plaintiff's complaint alleges a contract between it and defendant contractor, that plaintiff has substantially complied with all of the terms of the contract, but that defendant contractor has failed and refused to compensate the plaintiff in accordance with the contract. Plaintiff's second count stated a claim in quantum meruit. Count 3 stated a claim on open account against defendant contractor. In Count 4 plaintiff sought to foreclose a claim of lien for furnishing materials and labor used in making the improvements to defendant Tedoff's real property.

Defendant Tedoff's answer and cross-claim denied plaintiff's claims and raised several affirmative defenses and cross-claimed against defendant contractor alleging that defendant contractor had been paid any and all sums which may be due and payable to the plaintiff.

Defendant contractor's answer and cross-claim, denied the plaintiff's claim, raised affirmative defenses and cross-claimed against defendant Tedoff contending that the defendant Tedoff is indebted to the defendant contractor in an amount in excess of the sum for which plaintiff has sued both defendants.

Plaintiff subsequently amended its complaint so as to request a money judgment against defendant Tedoff and expenses of litigation pursuant to OCGA § 13-6-11 (formerly Code § 20-1404).

Plaintiff moved for summary judgment contending that the parties had agreed to a settlement of the case in which defendant Tedoff by and through his attorney had agreed to pay in full the claim of the plaintiff in this action. Defendant Tedoff opposed the motion for summary judgment with the argument that the evidence which plaintiff relied upon in support of its motion for summary judgment consisted only of admissions made with a view to settlement of the case and were therefore barred from evidence. The trial court granted plaintiff's motion for summary judgment against defendant Tedoff for the value of the improvements and granted a special lien against his property. Defendant Tedoff appeals. *Held:*

The evidence plaintiff relies upon, in support of its motion for summary judgment, consists of letters from defendant Tedoff's attorney to plaintiff's attorney and an affidavit of plaintiff's

attorney. Both of the letters dated November 11, 1981, and February 11, 1982, from defendant Tedoff's attorney, although expressing a general inclination towards adaptation of a written agreement for settlement of the case contain conditional language which the record does not show to have been satisfied. The first letter is expressly subject to the client's approval and also contains reservations as to the absence in a proposed consent judgment of provisions for the release of existing liens on defendant Tedoff's property. This letter contains no language which may be reasonably viewed as acceptance of any specific agreement. The second letter refers to an agreement and to a first and a second addendum; defendant Tedoff's attorney stating that he has in his possession a check payable to defendant contractor and to plaintiff, that defendant Tedoff will pay an amount agreed upon as soon as the addenda are signed and the releases and dismissals obtained. However, the record contains no indication that these conditions were satisfied. Furthermore, we are unable to determine the substance of the agreements to which reference is made in these letters as the agreements in question do not appear in the record before us.

Plaintiff also relies upon an affidavit of one of plaintiff's attorneys who deposed that on December 11, 1981, he had a telephone conversation with defendant Tedoff's attorney, during which conversation defendant Tedoff's attorney agreed for defendant Tedoff to pay the full amount of the plaintiff's claim in lieu of trying the plaintiff's case on December 14, 1981. However, this apparently unequivocal evidence of an agreement is contradicted by the following paragraph of the affidavit which states that there was an agreement between counsel for plaintiff, counsel for defendant Tedoff and counsel for defendant contractor, that the defendants together would pay in full the plaintiff's claim. Furthermore, we note that the date of this telephone conversation followed the first letter from defendant Tedoff's attorney referred to above by one month but preceded the second letter by two months. Even without reference to the letters of defendant Tedoff's attorney we find that this affidavit of plaintiff's attorney was ambiguous, if not self contradictory, as to whether there was an agreement that defendant Tedoff pay plaintiff's entire claim. Genuine issues of material fact remain for jury resolution. *J. C. Penney Cas. Ins. Co. v. Williams,* 149 Ga. App. 258, 261 (2) (253 SE2d 878); *North v. Toco Hills,* 160 Ga. App. 116, 119 (286 SE2d 346).

*Judgment reversed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED APRIL 28, 1983.

*Stanley M. Lefco,* for appellant.
*John E. Robinson,* for appellee.