## 68231. McDANIEL v. OLIVER.
### (322 SE2d 1)

BENHAM, Judge.

Plaintiff/appellant McDaniel was a pedestrian who suffered a "serious injury" under OCGA § 33-34-2 (13) when she was struck by an insured vehicle driven by defendant/appellee Oliver. Appellee's insurer paid appellant the basic $2,500 in medical expense compensation (see OCGA § 33-34-4 (a) (2) (A)) and, after the appellate decisions in *Jones v. State Farm &c. Ins. Co.*, 156 Ga. App. 230 (274 SE2d 623) (1980), and *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709 (300 SE2d 673) (1983), made an additional payment of optional benefits, bringing appellant's medical expense compensation to a total of $13,462.05. Appellant subsequently filed a lawsuit against appellee, and the jury returned a $15,000 verdict in favor of appellant. Thereafter, the trial court, stating that it was acting pursuant to a stipulation entered into by the parties, deducted $13,462.05 from the jury's verdict and entered judgment for appellant in the amount of $1,537.95. Appellant now contends that the trial court should have reduced the verdict by $2,500, the basic no-fault medical expense compensation, and not $13,462.05, a sum which included optional no-fault benefits. See *State Farm &c. Ins. Co. v. Chastain*, 167 Ga. App. 822 (1) (307 SE2d 717) (1983).

The stipulation which is the source of the controversy is not a part of the appellate record because, according to the parties, it was never taken down by the court reporter. However, the parties have

entered into a post-trial stipulation in which they agree that they had previously stipulated that: evidence of medical bills incurred by appellant as a result of the accident could be introduced at trial; the jury would be instructed that, should they find for appellant on liability, such medical expenses were proper items for damages; and "the sum of such medical expenses introduced in evidence would be deducted by the trial court from any verdict in favor of [appellant], before entry of judgment." It is the last provision of the stipulation which is the source of the present controversy.

A stipulation is "any agreement made by attorneys respecting business before the court." 24 EGL 305, Pleading & Practice, § 136 (1974). It is binding on the parties and may not be disproved. *Goolsby v. Allstate Ins. Co.*, 130 Ga. App. 881 (1) (204 SE2d 789) (1974). "[P]arties to stipulations and agreements entered into in the course of judicial proceedings will not be permitted to take positions inconsistent therewith in the absence of fraud, duress or mistake." *Thompson v. Thompson*, 237 Ga. 509 (228 SE2d 886) (1976).

Appellant has neither expressed a desire to withdraw or repudiate the stipulation nor has she alleged that the stipulation was the result of fraud or duress. Instead, she contends that the trial court's deduction from the verdict of the entire amount of medical expense compensation previously paid her was error because, she alleges, the payment of optional no-fault benefits was from a collateral source and therefore not subject to the restrictions of OCGA § 33-34-9 (b). She argues that it was only after "extensive research" that she realized that there was a question whether the optional benefits she received from appellee's insurer after paying the additional premium were subject to deduction from the jury verdict under the terms of the stipulation. While there may be a question whether such benefits are deductible under OCGA § 33-34-9 (b), no such similar question exists with regard to the stipulation entered into by the parties, since the stipulation provides for the deduction from the jury verdict of the sum of medical expenses introduced at trial. In the absence of the trial transcript, we must conclude that the sum of medical expenses introduced into evidence at trial totaled $13,462.05. "Where the appellant fails to bring up a transcript or otherwise meet his burden of affirmatively showing error by the record, the judgment below will not be disturbed. [Cit.]" *Burns v. Barnes*, 154 Ga. App. 802 (2) (270 SE2d 57) (1980). Even if we were to decide that the optional no-fault benefits were collateral source benefits, we would uphold the trial court's judgment since a party may stipulate away his entitlement to those benefits. See *Doyle v. Liberty Mut. Ins. Co.*, 160 Ga. App. 138 (286 SE2d 475) (1981). The stipulation clearly set forth the terms to which the parties agreed, and the trial court acted pursuant thereto. We can find no error in the judgment entered.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 14, 1984.

*Archibald A. Farrar, Jr.*, for appellant.
*Frank M. Gleason, John W. Davis, Jr.*, for appellee.