## 69893. BLOUNT v. MOORE.
(333 SE2d 167)

BEASLEY, Judge.

This is a case about duties. Appellant's suit is based on allegations that the doctor who operated on his wife failed to perform his duties in obtaining consent and did so fraudulently. One of appel-

lant's enumerations of error is that the trial court failed to perform its duty concerning what to take into account in considering summary judgment. As will appear, appellant failed to discharge his duties with respect to properly presenting the case for appellate review.

Joseph H. Blount appeals a grant of partial summary judgment to Dr. Moore on the grounds that he failed to disclose to appellant and his wife, the patient, that he had never performed the surgical procedure (transsphenoidal hypophysectomy), from which Mrs. Blount suffered injury, on someone who had earlier had a certain other procedure (radio-frequency hypophysectomy) and that the operation was an experimental procedure in such circumstances, thereby fraudulently obtaining the consent to the surgery by withholding such vital information. Summary judgment was denied as to appellant's allegations that Dr. Moore stated that "the operation was not inherently dangerous" and that by such actual and constructive fraudulent conduct on his part appellant had suffered damage. This count was tried before a jury and at the close of appellant's evidence a directed verdict was entered for Dr. Moore from which no appeal is taken.

The case was previously tried as to Mrs. Blount's claims for the negligent performance of the surgery, and on appeal this court affirmed a grant of partial summary judgment as to the count of her complaint alleging Dr. Moore's failure to disclose the risks and dangers involved in undergoing the surgery. *Blount v. Moore,* 159 Ga. App. 80 (4) (282 SE2d 720) (1981).

Appellant's original complaint filed in this action was in three counts. The first was a claim of medical malpractice which was dismissed with prejudice by consent. The second count alleged that Dr. Moore had through fraudulent representations obtained Mrs. Moore's consent to the surgery; this was voluntarily dismissed. Count III charged that since Dr. Moore's fraudulent representations induced Mrs. Blount to consent to the operation, any such consent was thus void and invalid. An amended complaint was thereafter filed, expanding on Count III and in effect making it Count I when, by further amendment, an additional allegation of fraud was added.

Appellant has enumerated six errors in connection with the trial court's grant of partial summary judgment but has made only one undifferentiated overall argument to cover all six. We will do our best to deal with each, despite his failure to comply with the clear mandates of Rule 15 (c) of the Court of Appeals, keeping in mind our obligation "to bring about a decision on the merits of every case appealed. . . ." OCGA § 5-6-30.

The first enumeration relates to paragraph 11 of the amended complaint alleging fraud in that the doctor did not tell plaintiff and his wife that he had never performed the procedure on anyone who, like appellant's wife, had earlier had a particular treatment (which

was different than the one proposed). We do not know whether the basis of the court's ruling was a consideration of the evidence, which we do not have before us, or the conclusion that there was no legal duty to make such a disclosure and that therefore the doctor's silence as to this fact (if in fact he was silent) could not provide the element of misrepresentation of a material fact necessary to make out a case of fraud. A latter-bottomed ruling would, of course, not need a consideration of the evidence but would amount to a judgment on the pleadings as to this portion of the claim. OCGA § 9-11-12 (b) (6). The argument of appellant refers to evidence and a transcript, but we do not even know whether the transcript referred to is the later-materializing transcript in this current case, where the husband is the plaintiff, or the transcript of trial in the wife's case, which was referred to below in the summary judgment papers but not made a part of the record here in the trial court. The consideration of the motion for summary judgment apparently included evidence (depositions and trial transcript in the wife's case) beyond that which is submitted by way of documents in *this* case (depositions of a doctor plus plaintiff husband's affidavit and answers to interrogatories.) The transcript of the motion hearing shows references to the wife's case which constituted additional evidence and which, if it was considered, we would need in order to provide an intelligent review. We cannot rule on the merits in the dark.[1]

Moreover, the transcript of the trial in the husband's case, which normally would be irrelevant to a consideration of the validity of a partial summary judgment awarded before trial, may be necessary here. The reason is that it appears that what was excluded by the partial summary judgment grant was actually allowed in the trial anyway. This was occasioned by plaintiff's couching Count III, as amended, in such terms that it embraced in a different way the same allegations he had posited in the dismissed Counts I & II, and that he thereby put before the jury the claims which had been jettisoned in the partial summary judgment grant. Thus, even if the trial court erred in granting partial summary judgment which we cannot discuss on the present state of the record, it may have been harmless and became moot when the self-same allegations and evidence were presented at trial. We must presume that the judgment below was correct. *Wetherington v. Koepenick & Horne*, 153 Ga. App. 302, 304 (265 SE2d 107) (1980).

The second enumeration involves the grant of summary judgment as to paragraph 12 of the amended complaint, relating to non-

---

[1] *Pierce v. Gaskins*, 168 Ga. App. 446, 449 (5) (309 SE2d 658) (1983) involved a summary judgment based in part on the transcript of an earlier trial.

disclosure of risks. The court based its ruling on this court's decision in the wife's case, *Blount v. Moore*, supra at 84, wherein we said that "appellant's [the wife's] contention that appellee [doctor] would be liable if he negligently breached a duty to disclose specific risks and dangers of treatment is without merit." We must assume, in the absence of the wife's complaint, that this was the same contention as ruled on there. Thus there was no error. And again, moreover, appellant cites an absent transcript.

The third enumeration relates to the grant of summary judgment with respect to the claim that the doctor failed to tell plaintiff and his wife the operation was experimental and had not been done on anyone who, like her, had previously had a particular different treatment. This was claimed to be a violation of OCGA §§ 23-2-51, -52 & -53, the Code provisions dealing with fraud both actual and constructive, by misrepresentation and suppression. Again we do not know the basis for the court's ruling, and, in his brief, appellant once more relies upon certain portions of an absent transcript. Therefore, the merits of the issue are not reached because the necessary ingredients have not been marshaled by appellant for us to do so.

Enumerations four and five have to do with whether there were disputed questions of fact with respect to fraud and consent. Obviously the evidence would have to be examined to resolve these matters. The only evidence in the record is the deposition of a medical expert, plaintiff's affidavit, and answers to interrogatories. They present only part of the picture, and appellant is not relying on them anyway, in connection with these two enumerations. Again we reach a roadblock.

The final enumeration, charging that the plaintiff's affidavit and pleadings were not considered by the trial court, is not argued and is deemed abandoned. Rule 15 (c) (2). Moreover, there is nothing in the record to support this bold assertion. Instead, the record shows the opposite. The order on the motion states that it is promulgated "after argument of counsel and after examination of the briefs *and evidence* in the record. . . ." (emphasis supplied), and the court referred to specific paragraphs of the complaint "as amended," quoting repeatedly. How, then, can appellant make such a charge?

It is appellant's obligation to complete the record. OCGA §§ 5-6-37; 5-6-42. Although we can request the clerk of the lower court to send up what he or she has, if it has not been done, we do not deem it appropriate here to go beyond that and secure the filing of documents into the trial court record to begin with. In other words, if appellant asks the clerk to omit nothing from the record on appeal, and something which has been filed *is* omitted, we can remedy the omission by the simple expedient of requesting the untransmitted portion of the record from the clerk. OCGA § 5-6-48 (d). But we will not ask the

clerk to send what the clerk does not have. The responsibility for filing all that is necessary for consideration of the issues, rests in the first place with counsel.

We note that this deficiency was brought to appellant's attention by appellee's brief four months earlier and no such supplements have been filed in the trial court nor, thereafter, here. OCGA §§ 5-6-41 (c), (d) & (f); 5-6-42; 5-6-48 (d). *State v. Pike*, 253 Ga. 304 (320 SE2d 355) (1984).

Thus we find no reasonable basis for the appellant to have anticipated reversal of the trial court's judgment and we find that the appeal is frivolous. Accordingly, without motion, a penalty of $500 against appellant and in favor of defendant is imposed and assessed in favor of appellee. The trial court is directed to enter judgment in this amount.

*Judgment affirmed with direction. Deen, P. J., concurs. Pope, J., concurs in the judgment only.*

DECIDED JULY 2, 1985.

*Edward J. Walsh*, for appellant.

*Sidney F. Wheeler, Michael T. Bennett, Arnold E. Gardner*, for appellee.