71516. ACKER v. JENKINS et al.
(343 SE2d 160)

BENHAM, Judge.

Appellant, a plaintiff in an earlier lawsuit against appellee City of Elberton (see *Acker v. City of Elberton,* 176 Ga. App. 580 (336 SE2d 842) (1985)), filed suit against appellee Jenkins, the City Attorney, his law firm, and the City of Elberton, alleging defamation and seeking special, general, and punitive damages. The alleged defamatory statement was made by Jenkins during his report to the City Council concerning the status of the earlier Acker lawsuit. While reporting to the council, Jenkins stated that Acker had been arrested on October 17, 1982, for disorderly conduct, resisting arrest, and trespassing. The statement was reported in the local newspaper, a copy of which was anonymously sent to appellant. Appellant admitted that he had been arrested for and convicted of the first two crimes, but denied the third charge. When the error was brought to appellee Jenkins' attention, he contacted the newspaper and requested that it print a retraction and apology on his behalf, which it did. Nevertheless, appellant filed suit. Appellees answered, raising several defenses including appellant's failure to comply with OCGA § 36-33-5, and after discovery filed motions for summary judgment.

In separate orders, the trial court granted judgment in favor of appellees Jenkins, his law firm, and the City of Elberton. Appellant here seeks reversal of the judgments. We affirm.

1. The first enumeration of error appears to question the trial court's grant of summary judgment in favor of appellees Jenkins and his law firm. The trial court's order does not state the grounds on which judgment was based, but does state that the court considered "all pleadings and documents on file with the court, pleadings in Civil Action No. 85-V-1775G in this same court, and the oral statements made by plaintiff at the July 9 hearing." It is apparent that a court hearing took place before the judgment was rendered, but the record does not include the entire transcript of that proceeding, and appellant's notice of appeal does not specify that a transcript of evidence and proceedings was to be transmitted as part of the record on appeal. However, a "[p]ortion of the argument and testimony of Mr. Harold N. Acker" was attached to the record. A copy of the pleadings in Civil Action No. 85-V-1775G was not included.

It is well established that the burden is on the party alleging error to show it affirmatively by the record, and that when the burden is not met, the judgment complained of is assumed to be correct and must be affirmed. *Baldwin v. Grimes*, 219 Ga. 68 (131 SE2d 563) (1963); *McDaniel v. Oliver*, 172 Ga. App. 109 (322 SE2d 1) (1984); *Burns v. Barnes*, 154 Ga. App. 802 (270 SE2d 57) (1980). We do not have before us all the material upon which the trial court relied. The trial court took judicial notice of the record of the prior civil case, Civil Action No. 85-V-1775G, but there is no indication in the record before us that appellant sought to have the record of that action included in the record of this case in the court below. The burden of doing so was clearly upon appellant. *Petkas v. Grizzard*, 252 Ga. 104 (312 SE2d 107) (1984). "[W]e will not ask the clerk [of the trial court] to send what the clerk does not have. The responsibility for filing all that is necessary for consideration of the issues, rests in the first place with counsel." *Blount v. Moore*, 175 Ga. App. 288, 291 (333 SE2d 167) (1985). Furthermore, appellant did not specify in his notice of appeal that a transcript of the evidence and proceedings was to be included in the record on appeal, as he is required to do by OCGA § 5-6-37. "[W]here the transcript is necessary for review and appellant omits it from the record on appeal, the appellate court must assume the judgment below was correct and affirm. [Cits.] . . . Clearly it is not the function of the appellate court to prosecute an appeal on appellant's behalf." *Brown v. Frachiseur*, 247 Ga. 463 (277 SE2d 16) (1981). Under these circumstances, we must rely on the presumption in favor of the regularity of all proceedings in a court of competent jurisdiction (*Siegel v. Gen. Parts Corp.*, 165 Ga. App. 339 (301 SE2d 292) (1983)), assume that the evidence was sufficient to support the trial court's judgment, and affirm the judgment. *Brown v. Frachiseur*, supra; *James v. Housing Auth. of Atlanta*, 233 Ga. 447 (211 SE2d 738) (1975); *Beasley v. Lamb*, 227 Ga. 266 (2) (180 SE2d 240) (1971); *Camp v. Jordan*, 168 Ga. App. 339 (309 SE2d 384) (1983); *Tempo Carpet Co. v. Collectible &c. Cars of Ga.*, 166 Ga. App. 564 (305 SE2d 26) (1983).

We do not hold, as the dissent contends, that the absence of a transcript of the *argument* of the litigants precludes appellate review. Although the portion of transcript included in the record before us contains only appellant's argument, the trial court stated in its order that it considered appellant's "statements" made at the hearing. We cannot assume from the fragmentary transcript in the appellate record that appellant's argument was not preceded or followed by testimony. It is the absence of those portions of the transcript other than appellant's argument which effectively precludes appellate review of the grant of summary judgment to appellees. *Brown*, supra.

2. Appellant's second enumeration states that he substantially

complied with OCGA § 36-33-5, and for that reason the trial court's grant of summary judgment in favor of appellee City of Elberton was error. In light of Division 1 of this opinion, we affirm the judgment in favor of the City of Elberton. Since it is undisputed that Jenkins was acting in his capacity as city attorney, reporting to the City Council when he made his allegedly defamatory remarks, the city's liability in this regard is derivative in nature. That is to say, if Jenkins is not liable for defamation, then neither is the City of Elberton. Since the trial court's summary judgment in favor of Jenkins is affirmed, the judgment in favor of the city must also be affirmed, and the ante litem notice issue is rendered moot. We do note that in light of appellant's admission that he filed his ante litem notice contemporaneously with his suit against the city, the trial court's ruling in the city's favor was proper. *Gillingwater v. City of Valdosta*, 177 Ga. App. 241 (339 SE2d 287) (1985); *Acker v. City of Elberton*, supra; *Jones v. City of Austell*, 166 Ga. App. 808 (305 SE2d 653) (1983); OCGA § 36-33-5.

3. Appellant claims that the trial court erroneously dismissed his action against Jenkins and his law firm in response to appellant's refusal to comply with discovery requests. Inasmuch as there is nothing whatsoever in the record to support this contention, appellant's enumeration is without merit.

*Judgment affirmed. Deen, P. J., Birdsong, P. J., Carley, Sognier, and Pope, JJ., concur. Beasley, J., concurs in judgment only. Banke, C. J., and McMurray, P. J., dissent.*

McMURRAY, Presiding Judge, dissenting.

1. Following a hearing on appellees' motion for summary judgment, appellees filed a brief in support of their motion for summary judgment suggesting that at the hearing appellant had made certain admissions against interest. This brief of appellees quotes the language upon which they rely and that language is included in the partial transcript of the hearing included in the record.

It should be noted that although the court reporter has seen fit to label the partial transcript as a "portion of argument and testimony" there is no indication or suggestion that appellant was sworn so as to be presenting oral evidence. A reading of the several pages of the partial transcript reveals simply the argument of the pro se litigant.

I can find no other summary judgment case holding that the absence of a transcript of the argument of the litigants precludes appellate review. Here, the appellant prudently included a transcript of that portion of his argument which had been suggested by appellees to contain admissions against interest. This inclusion should not weigh against appellant.

Nor should the trial court's reference to consideration of appellant's "statements" serve as a basis for speculation by the majority

that perhaps appellant's argument was followed or preceded by testimony. Neither party suggests that any oral testimony was considered by the trial court. While the majority assumes that "statements" is synonymous with "oral testimony," is it not equally probable that "statements" refers merely to "arguments?"

In regard to the failure of the record to include a copy of the pleadings in Civil Action No. 85-V-1775G, I note that appellant in his notice of appeal requested that the entire record in the trial court be filed for inclusion in the record on appeal. This court should attempt to remedy the failure to comply with appellant's proper designation of record. "[T]he obligation for the preparation of the record rests with the clerk. After the appellant has filed a notice of appeal, his duty as to the record is limited to the payment of costs." *Long v. City of Midway*, 251 Ga. 364 (306 SE2d 639).

As I cannot agree with the reasoning of the majority and would reverse on the merits, I respectfully dissent.

2. Defendants rely upon the defense of truth. See in this regard OCGA § 51-5-6.

At the summary judgment hearing plaintiff (appellant) stated: "Your Honor, I want to first get that last argument because it just simply irks me. That interrogatory was seeking discovery of a prior incident. I don't see how we can have the opportunity to even suggest that I'm stating for October 17, 1982, that I was falsely booked for trespassing . . . I think my recollection was that I was booked for or charged with trespassing and my recollection is that that charge was later dropped. Now, I have not said I've been falsely charged with trespassing on October 17, 1982, and I cannot recollect the date of this prior incident that I have a recollection, but I know it happened. I can't prove it, Your Honor, but I do know it happened, and I did submit just like several instances between myself and the police and everybody denies that they happened . . . There's actually no record that I've ever been falsely booked and I was just trying to inquire if there were any records that I've been falsely booked, because to my knowledge there was never a charge or conviction of any trespassing. I have in my hand here an arrest booklet from October 17, 1982. It's my copy that I received on October 13 or 14, in 1983, listing the charges, Your Honor of disorderly conduct, 14-5, and resisting arrest, 14-2. I believe there is a copy of this for the Court as an exhibit. There is a space for a third count and it was left blank. There is no trespassing charge."

Defendants argue that plaintiff's statements before the superior court upon the hearing of defendants' motion for summary judgment "shows that the Defendant has repeated a statement made by the Plaintiff to the effect that he was arrested for trespass." However, the newspaper article refers to a specific incident which apparently oc-

curred on October 17, 1982. The arrest of plaintiff on that date is the basis of a separate action by plaintiff against the defendant city and two former police officers. The newspaper article involves an account of defendant Jenkins' report on the progress of that separate litigation given at a meeting of the City Council of Elberton.

"On a motion for summary judgment under OCGA § 9-11-56 the party opposing the motion is to be given the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence. *Eiberger v. West*, 247 Ga. 767 (281 SE2d 148) (1981). This is so even when, as in the instant case, the movant is the party on whom the burden of proof at trial does not lie: all the evidence must be construed against the movant and in favor of the party opposing the motion — here [plaintiff]. *Pugh v. Frank Jackson Lincoln-Mercury*, 165 Ga. App. 292 (300 SE2d 227) (1983)." *Georgia Intl. Life Ins. Co. v. Huckabee*, 175 Ga. App. 343, 345 (333 SE2d 618). Although plaintiff's remarks may be difficult to comprehend, insofar as they relate to his being charged with trespass, they may reasonably be understood to refer to an incident prior to and apparently unrelated to the incident which is referenced in the newspaper article. Nor is there any other evidence piercing the allegations of appellant's complaint. Consequently, defendants have failed to negate one of the essential elements of plaintiff's case and genuine issues of material fact remain. I would hold that the trial court erred in granting summary judgment to defendants. See *Tedoff v. Moncrief Unique Indoor Comfort*, 166 Ga. App. 426 (304 SE2d 529).

3. Additionally, in regard to the defendant city, plaintiff's failure to comply with the notice provision of OCGA § 36-33-5 should be raised as a plea in abatement and is not a proper subject for summary judgment. *Jones v. City of Austell*, 166 Ga. App. 808, 810 (305 SE2d 653).

I am authorized to state that Chief Judge Banke joins in this dissent.

DECIDED MARCH 21, 1986.

Harold N. Acker, *pro se.*
John S. Jenkins, for appellees.