## 76191. KELLEHER v. THE STATE.
(371 SE2d 450)

BANKE, Presiding Judge.

This is a companion case to *Kelleher, Jr. v. State* (Case No. 75290) and *Kelleher, Sr. v. State* (Case No. 75291), jointly decided by this court on February 10, 1988, and reported at 185 Ga. App. 774 (365 SE2d 889) (1988). *Held:*

1. The appellant has filed a motion in this court seeking to amend her notice of appeal and to supplement the record by the inclusion of her trial transcript, which she did not originally designate for inclusion in the record on appeal. While the Supreme Court's decision in *Brown v. Frachiseur*, 247 Ga. 463 (277 SE2d 16) (1981), might *permit* us to deny this motion, it certainly does not *require* us to do so. Indeed, in *State v. Pike*, 253 Ga. 304, 307 (320 SE2d 355) (1984), the Supreme Court held that, pursuant to OCGA § 5-6-48 (d), "an appellate court may, in its discretion [and on its own initiative], require that a record be supplemented . . . even after rendition of its decision."

In view of the fact that the appellant has already caused the transcript of her trial to be transmitted to this court by the clerk of the trial court for inclusion in the record on appeal, no purpose would be served by denying her motion, other than to frustrate needlessly a resolution of the appeal on its merits. Consequently, the motion to amend the notice of appeal and to supplement the record is granted.

2. It is apparent from the transcript of the appellant's trial that her conviction was based upon evidence seized from her home during the course of a search which this court, upon review of the convictions obtained in the two companion cases, has previously determined to have been unlawful. For the reasons stated in our prior decision reversing those convictions, we hold that the motion to suppress filed by the appellant in this case should also have been granted, with the result that her convictions of possession of cocaine and marijuana must also be reversed.

*Judgment reversed. Carley, Sognier, Pope, and Benham, JJ., concur. Beasley, J., concurs specially. McMurray, P. J., concurs in judgment only. Birdsong, C. J., dissents. Deen, P. J., dissents dubitante.*

BEASLEY, Judge, concurring specially.

In following the requirements of OCGA § 5-6-37 concerning the contents of a notice of appeal, appellant stated that "[t]ranscript of evidence and proceedings will not be filed for inclusion in the record on appeal." The reason was given: "The record for this case is already before the Court in the matter of Michael Kelleher, Sr. and Michael Kelleher, Jr. vs. State, Court of Appeals Docket No. 75290." As later

shown, what appellant attempted to do was save transcript and copying costs by utilizing her companions' case record, which she believed would be adequate because of the nature of the errors she wished us to review, and the nature of her trial.

Appellant's non-jury trial was before the same judge who had presided at her husband's and son's joint trial. By agreement of both parties and the court, she was tried on the transcript and exhibits of her companions' trial, as summarized by a narration, and stipulation of additional facts. The motions and rulings from the other cases were also adopted by stipulation. Based on the stipulated evidence, the court found appellant guilty. The other record was not actually tendered in evidence but was known by the judge.

When the appeal was docketed here, appellant moved us to adopt the record (meaning also the trial transcript) and appeal documents in the companions' case, explaining why this should be allowed and believing that the transcript of her own perfunctory trial would be unnecessary. The motion, made in reliance on OCGA § 5-6-44, was denied. Thus we refused to take judicial notice of that record, transcript, and appeal documents which are in this court, in considering her appeal.

Appellant them moved to amend the notice of appeal and supplement the record with the transcript of her own short trial so that this court would "not dismiss or affirm without reaching the merits." This transcript was filed here the next day.

I agree with the dissent, that we should not of our own initiative generally "require that additional portions of the record or transcript of proceedings be sent up, or require that a complete transcript of evidence and proceedings be prepared and sent up. . . ." OCGA § 5-6-48 (d). However, here we are not reaching out and perfecting the appeal when the party has been lax and not acted. To the contrary, appellant, having received our declination to consider her case on the other record, has simply asked for permission to amend her notice so that the superior court clerk would transmit the trial transcript and record as provided by OCGA § 5-6-41 (e), to supplement the judgment and sentence which appellant had originally asked for and the clerk had sent.

We have already informally set the filing in motion, and we should not backtrack. Nor should we ignore the transcript which the clerk has transmitted even without an amended notice of appeal, nor cause appellant the very expense she was trying to avoid, without even ruling on the merits of her appeal. Authority is provided to us by OCGA § 5-6-48 (d), see *State v. Pike*, 253 Ga. 304 (320 SE2d 355) (1984), as in effect a dismissal of her appeal will occur whether we dismiss it for failure to perfect the appeal with a transcript and complete record or we affirm the judgment for lack of the proper tools to

review the errors enumerated. There is no conflicting departure here from the authorities cited in the dissent.

Several other factors also weigh in favor of granting her requests. No harm has been claimed by appellee should appellant's motion be granted. The policy expressed in OCGA § 5-6-30 lays a hand on that side of the scale. More is added by the prospect of final resolution of appellant's case if the merits are reached now. What tips the scale is fairness. Appellant will continue under sentence when the sentences of her two companions, who were the principal offenders (the State admitted at trial that its evidence only showed her to be a consumer of drugs and perhaps marginally an aider and abettor), have been reversed on a question of law which she also raises.

That brings us to the question of whether or not we should consider the relevant case papers in Case Numbers 75290, *Kelleher, Jr. v. State*, and 75291, *Kelleher, Sr. v. State*. Although the majority originally denied the motion that we do so, it implicitly agrees now to take judicial notice of them because the trial court did, insofar as the co-defendants' trial court record and trial transcript were concerned. Although a bit unorthodox, no harm is shown by our doing so. The Supreme Court used the record from one case in two other cases, by stipulation, and without complaint of the Court, in *Howard v. Eatonton Co-op Feed Co.*, 226 Ga. 788, 789 Par. 3 (177 SE2d 658) (1970). It would be uselessly wasteful of time and money to insist that appellant should have had copied and offered in evidence below, and transmitted here again, the entire record and transcript in the companions' case, when both the trial court and we have it.

As shown by the opinion in Division 2, with which I concur in judgment only, we are clearly able to reach the merits of appellant's dispositive enumeration of error.

BIRDSONG, Chief Judge, dissenting.

I respectfully dissent from the majority opinion. I cannot concur with the conclusion that this court should permit the notice of appeal to be amended, nor should we direct the transcript be forwarded to this court for consideration of the merits of this appeal.

1. When appellant filed her notice of appeal she directed: "Transcript of evidence and proceedings will not be filed for inclusion in the record on appeal." Thereafter she filed a motion to "adopt" the record in the case of her husband and son. Because she had not been tried with them, this court denied the motion to "adopt." Appellant then moved this court to permit her to amend her notice of appeal "pursuant to OCGA § 5-6-48 (d) to request that a transcript of Appellant's trial be sent up or allow Appellant's Notice of Appeal to be amended to include a copy of the transcript." The majority opinion allows the Notice of Appeal to be amended and to "supplement the

record by inclusion of her trial transcript. . . ."

Our Code has set forth a procedure to be followed in transmitting the record and transcript on an appeal, and for supplementing and amending the record and transcript. It is mandatory that "the notice [of appeal] shall state whether or not any transcript of evidence and proceedings is to be transmitted as a part of the record on appeal." OCGA § 5-6-37. If either party contends the record or transcript does not correctly or fully disclose what happened at trial, the parties can stipulate what occurred, or if they are unable to agree "the trial court, either before or after the record is transmitted to the appellate court, on a proper suggestion [of either party] or of its own initiative, may direct that the omission or misstatement shall be corrected and, if necessary, that a supplemental record shall be certified and transmitted by the clerk of the trial court." OCGA § 5-6-41 (f). Hence, if a "supplemental record" is desired, "[d]efendant's remedy is in the trial court, not the appellate court." *Epps v. State,* 168 Ga. App. 79, 80 (308 SE2d 234); accord *Bruce v. State,* 175 Ga. App. 453, 454 (333 SE2d 394). This is because ". . . the trial court . . . has a necessary control over the designation and transmittal of both record and transcript. . . ." *Smith v. Top Dollar Stores,* 129 Ga. App. 60 (3) (198 SE2d 690); accord *G. E. C. Corp. v. Southern Fabricators,* 122 Ga. App. 452, 453 (177 SE2d 497).

The Code also grants to the appellee rights concerning the record and transcript. In OCGA § 5-6-42, where appellant has designated matter to be omitted from the record, appellee may designate "all or part of the omitted matters be included. . . ." Hence, the correct procedure set forth by the Code is that appellant designates what matter he desires included in and omitted from the record and transcript, then the appellee designates any matter he desires forwarded from that omitted by appellant, and the record is set for review before the appellate court. If either party then finds "the transcript or record does not truly or fully disclose what transpired in the trial court," the parties move before "the trial court" to file a "supplemental record" for correcting the record. OCGA § 5-6-41 (f); *Epps,* supra; *Smith,* supra.

What happens if a party makes an "error?" The Code, in OCGA § 5-6-48 (b) says that "[n]o appeal shall be dismissed . . . nor shall consideration of any enumerated error be refused, except" for three stated reasons. This section also provides that no appeal shall be "dismissed" for failure to file the transcript within the allotted time except after a hearing in the trial court for unreasonable and inexcusable delay. Subsection (d) relates to "necessary amendments . . . [by] the trial court to make corrections in the record or transcript or certify what transpired below which does not appear from the record on appeal, [the appellate court may] require that additional portions of

the record or transcript of proceedings be sent up, or require that a complete transcript of evidence and proceedings be prepared and sent up . . . *so that the appellate court can and will pass upon the appeal and not dismiss it.*" (Emphasis supplied.) Two stated purposes for this subsection are clear: (1) it is intended to be utilized "to make corrections in the record or transcript . . . [of] what transpired below which does not appear from the record," and (2) the corrections are allowed "so that the appellate court can and will pass upon the appeal and not dismiss it." The present motion by appellant to order the trial court to send up the entire transcript is not to "make corrections" nor does it supplement any segment of the transcript presently on file in this court. Further, this subsection provides that "[i]f an error appears in the notice of appeal, the court shall allow the notice of appeal to be amended at any time prior to judgment . . . so that the appellate court can and will pass upon the appeal and not dismiss it." First, there was no "error" in the notice of appeal. Counsel may have made an "error" in judgment when it was affirmatively decided and stated that a transcript would not be included, but this was not a legally correctable "error" as a matter of discretion or law. Secondly, even if the notice had not been amended, the appeal would not have been dismissed and the enumerated errors would have been considered by this court.

2. Our Supreme Court has two decisions which are applicable to the issue under consideration. " 'The appellants [have] a choice as to whether or not they would file a transcript of the evidence, and the failure to file such a transcript will not result in a dismissal of the appeal, but no questions can be decided which require a consideration of the evidence.' " *Aviation Electronics v. U. S. Energy &c. Systems*, 242 Ga. 224 (248 SE2d 610); accord *Steadham v. State of Ga.*, 224 Ga. 78, 80 (159 SE2d 397). In the case at bar, appellant had a choice, and affirmatively decided not to include the transcript. The appellee had a choice to include the transcript but declined. An appellate court should not assist either party on an appeal. An appellee has the right to have the appeal decided on the record as designated by the appellant, absent error of law. There was no error of law. Appellant desires to change her mind, to perfect her appeal. Should this court assist an appellant at the expense of the appellee, as in the instant appeal, where there is no legal basis?

The Supreme Court had this issue before them in *Brown v. Frachiseur*, 247 Ga. 463, 464 (277 SE2d 16) in which they held "it is well settled that, on appeal, the burden is on the appellant to establish error . . ." on the record before us, and appellant there "chose to omit this transcript from the record on appeal. Since appellant has failed to meet his burden of showing error, the judgment of the trial court must be affirmed." Id. The court reasoned that their "position

is bolstered by Code Ann. § 6-805 (c) [now OCGA § 5-6-41 (c)] which provides in pertinent part: '(W)here an appeal [is] taken which draws in question the transcript of the evidence and proceedings, it shall be the duty of the appellant to have the transcript prepared. . . .' Thus, where the transcript is necessary for review and appellant omits it from the record on appeal, the appellate court must assume the judgment below was correct and affirm." (Emphasis omitted.) Id. More importantly to the issue now before this court, it was found that "Code Ann. § 6-809 (b) [now OCGA § 5-6-48 (c) and (d)] does not, in our view, lead to a different result. The statute is concerned with dismissals of appeals. Code Ann. § 6-809 (b) [now OCGA § 5-6-48 (c) and (d)] does not prohibit an affirmance on the ground that the appellant failed to present the appellate court with a record sufficient to enable it to determine whether the trial court has committed reversible error. [Cit.] Clearly it is not the function of the appellate court to prosecute an appeal on appellant's behalf." Id. at 464-465. This holding is contrary to the majority, and if there is any doubt, *Brown* also held that to the extent "*Interstate Financial Corp. v. Appel*, 233 Ga. 649 (212 SE2d 821) (1975) conflict[s] with the views expressed herein, [it] is overruled." Id. at 465. *Appel* held: "We think that this statutory language [from OCGA § 5-6-48 (c) and (d)] means that our appellate courts shall pass upon the merits of an appeal from a final judgment on the record before it, and if the record before it is insufficient to pass upon the merits, the appellate court should require the record to be supplemented if the necessary additions are available in the trial court." 233 Ga. at 650-651. Hence, the procedure used in the majority opinion here is the same as *Appel*, which was expressly overruled in *Brown*, supra.

3. I am concerned over the results which the majority opinion portends for future criminal appeals to this court. The majority has refused to recognize the binding nature of OCGA § 5-6-37 which directs that "the notice [of appeal] shall state whether or not any transcript of evidence and proceedings is to be transmitted as a part of the record on appeal." The appellant made her election and chose not to include a transcript. She has changed her mind, not once — but twice, and the majority finds this permissible. I have two concerns: (a) Does an appellee have any right to have an appeal decided on the record forwarded by the appellant, or any change in the record to be made strictly in conformance with the Code? Apparently not, for the dissent raises these issues and the majority has not found it persuasive. (b) How many errors of law by an appellant should an appellate court countenance, and how many times should an appellate court permit an appellant to change her mind, so that an appeal can be perfected?

In the present appeal, appellant has made at least three errors of

law, and has had four chances to perfect her appeal. The three errors of law were: (1) There was no compliance with OCGA § 5-6-37 in designating whether a transcript would be filed. (2) Appellant attempted to cure her first error by requesting this Court to let her "adopt" someone else's record of trial as her own. (3) Next the appellant requested this Court to permit her to "amend" her notice of appeal, even though the statute permits such amendment only "[i]f an error appears in the notice of appeal. . . ." OCGA § 5-6-48 (d). There is no error in the notice of appeal.

The four chances to perfect appellant's appeal, sanctioned by the majority are: (1) Appellant chose not to include a transcript of her trial in the record forwarded on appeal. Prior to this case, it was the law that " '(W)here the transcript is necessary for review and appellant omits it from the record on appeal, the appellate court must assume the judgment below was correct and affirm.' " *Acker v. Jenkins*, 178 Ga. App. 393, 394 (343 SE2d 160); accord *Brown v. Frachiseur*, supra at 464; *James v. Housing Auth. of Atlanta*, 233 Ga. 447, 448 (211 SE2d 738); *Beasley v. Lamb*, 227 Ga. 266 (2) (180 SE2d 240). (2) Appellant requested this court to permit her to "adopt" the record of another trial as the record for her trial, and this was refused. (3) Appellant requested permission to amend her notice of appeal, and the special concurrence would permit such amendment even though the only basis for amendment is error, and there was no error. (4) Appellant requested the court to order the transcript to be sent up, and finally found a method to perfect the appeal, which the majority finds unobjectionable. I question whether the majority holding violates the orderly procedure for criminal appeals set forth by our Code.

The majority holding will permit a criminal appellant to ignore OCGA § 5-6-37, for we will permit him or her to change his or her mind at a later date. In this connection, we must comply with *State v. Pike*, 253 Ga. 304 (320 SE2d 355), which the special concurrence finds in conflict with *Brown. Pike* holds that OCGA § 5-6-48 permits "supplementation" of the transcript (but in our appeal there is no transcript to supplement), and that such "supplementation" may be initiated " '[a]t any stage of the proceedings [in the appellate court], either before or after argument. . . .' " Id. at 306. Hence, in future criminal appeals an appellant has the right to file the entire transcript or request this court to order it be sent up, at any time prior to our decision. This new appellate procedure may solve the issue involved in this appeal, but I sense the opening of an appellate "Pandora's Box."

I respectfully dissent. I am authorized to state that Presiding Judge Deen joins (dubitante) in this dissent.

DECIDED JULY 13, 1988.

*Howard J. Manchel*, for appellant.

C. Andrew Fuller, District Attorney, Michael J. Bowers, Attorney General, George P. Schingler, Senior Assistant Attorney General, for appellee.