## 70831. BRYAN v. ROBERT HAROLD CONTRACTORS, INC. et al.
### (338 SE2d 494)

McMurray, Presiding Judge.

On April 11, 1983, Dennis P. Bryan (defendant) entered into a lease agreement with Charles S. Roberts and Company, d/b/a Georgetown Professional Building, Ltd. (landlord). The defendant signed the lease in his individual capacity as "Dennis P. Bryan d/b/a Hytek Comfort Systems and Service." In July 1983 the defendant incorporated his business as "Hitech Comfort Systems and Service" (Hitech).

After May 1984, rent on the leased premises was not paid and the landlord sued the defendant seeking to remove him from the property. The landlord also requested judgment for unpaid rent, late charges and costs. The defendant answered denying all of the landlord's allegations and jointly filed with the answer a third-party complaint against Robert Harold Contractors, Inc. (Contractors) seeking indemnification and contribution.

On August 9, 1984, the trial court entered a "consent order" granting the landlord possession of the leased premises, leaving the only issue for determination in the main action the amount of rent owing to the landlord.

Next, the defendant and Contractors filed opposing motions for summary judgment seeking a ruling as to Contractors' liability for indemnification and contribution for the unpaid rent. On January 15, 1985, the trial court entered an order denying defendant's motion and granting summary judgment in favor of Contractors, and dismissing the third-party complaint. The defendant appeals. *Held:*

The pivotal issue in the case sub judice is whether the defendant may recover from Contractors for indemnification and contribution as a result of a collateral agreement between: (1) Hitech and Contractors, with the defendant being the beneficiary thereof; see OCGA § 9-2-20 (b), or, (2) whether there was a direct agreement between the defendant and Contractors for the assumption of the defendant's obligations under the lease.

In his third-party complaint the defendant alleged that Contractors purchased Hitech and agreed to assume all of the assets and liabilities of Hitech, including liability under the lease agreement. In an affidavit filed in support of his motion for summary judgment the defendant stated that Hitech "did expressly assume all debts and obligations of myself personally incurred for the initial capitalization and

start-up of said Corporation, expressly including the lease, utility, and rental obligations . . ." and that Contractors "did expressly agree to assume all assets and liabilities of [Hitech, including] all rent and utility obligations." Further, under the terms of the bill of sale, Contractors assumed all "rights in and to the lease to said premises," including all "security deposits with utility companies."

From these allegations and averments it is not clear whether Contractors agreed to directly assume the defendant's liability to the plaintiff under the lease or whether Hitech assumed the defendant's rental obligation, and whether Contractors then assumed Hitech's liability to the defendant. However, in either case, there remains a genuine issue of material fact as to whether Contractors is liable to the defendant for indemnification and contribution.

If the trier of fact finds that Contractors agreed to directly assume the defendant's rental obligation, then the defendant may proceed directly against Contractors in an action based in contract. On the other hand, if the trier of fact finds that Hitech assumed the defendant's liability under the lease and Contractors later agreed to assume Hitech's liability to the defendant, the defendant may recover against Contractors as a beneficiary to the agreement between Hitech and Contractors. See generally OCGA § 9-2-20 (b).

Since there remained genuine issues of material fact for resolution by the trier of fact, the trial court erred by granting summary judgment in favor of Contractors, and in dismissing the third-party complaint. See *Tedoff v. Moncrief Unique Indoor Comfort, Inc.*, 166 Ga. App. 426 (304 SE2d 529).

*Judgment reversed. Banke, C. J., and Benham, J., concur.*

DECIDED NOVEMBER 20, 1985.

*Alan Z. Eisenstein*, for appellant.
*Alan C. Harvey*, for appellee.
*J. Scott Jacobson*, amicus curiae.