# Court of Appeals
# of the State of Georgia

ATLANTA,  June 07, 2017

*The Court of Appeals hereby passes the following order:*

## A17A0005. COX v. AMERICA'S AUTO AUCTION ATLANTA, INC.

Ladale Cox, directing that nothing be omitted from the record, has appealed from the trial court's order granting summary judgment to America's Auto Auction Atlanta, Inc. (the "Defendant"). At the commencement of the summary judgment hearing, Defendant's counsel announced to the trial court that he had on his cell phone a copy of the video of Cox "falling." Counsel explained that "[t]his is a slip and fall case, so . . . I think it may be instructive for the Court to view the video." The judge proposed that he view the video from an attachment to an email the Defendant sent to court staff, and he inquired if this was acceptable to the parties, at which point Cox's counsel responded affirmatively. There was a pause in the proceedings wherein the judge apparently viewed the video attached to the email. The trial court, in its summary judgment order, expressly considered "the video of the fall presented" as a basis for its order, and the Defendant, in its appellate briefing, relies on the video as showing the correctness of the trial court's ruling.

Although Cox's notice of appeal directed that nothing be omitted from the record on appeal, the video of the fall presented to and considered by the trial court was not transmitted to this Court as part of the appellate record. Upon this Court's inquiry, it appears that the trial court clerk is not in possession of the video. The Defendant apparently remains in possession of a copy of the video as it improperly attempted to bring the video before this Court by attaching it to its appellee's brief. Under the circumstances, and so as to allow this Court to rule based on a record that reflects what was considered by the trial court, we direct that the trial court clerk supplement the record with the video presented to the trial court at the summary

judgment hearing. See OCGA § 5-6-48 (d); *Kelleher v. State*, 187 Ga. App. 811 (1) (371 SE2d 450) (1988) ("[A]n appellate court may, in its discretion and on its own initiative, require that a record be supplemented[.]") (citation and punctuation omitted). The parties are directed to cooperate with the trial court clerk in completing the record. See Court of Appeals Rule 17. If any disagreement arises between the parties as to whether the record "conform[s] to the truth," it must be resolved by the trial court. OCGA § 5-6-41 (f). Finally, we note that copies of video recordings of evidence shall be submitted to this Court on DVD or video compact disc. See Court of Appeals Rule 18 (c).

Given the indeterminate amount of time it will take to prepare and transmit the complete appellate record to this Court, and the constitutional time restraints governing this Court's disposition of appeals, this case is REMANDED to the State Court of Gwinnett County. When the entire appellate record is prepared, the record shall be re-transmitted and the case re-docketed with this Court.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,  06/07/2017*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*